FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 07 2007

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ADVANCEME, INC.<br><br>Plaintiff,<br><br>v.<br><br>RAPIDPAY LLC, et. al,<br><br>Defendants. | 1 07 - MI - 0036<br>CIVIL ACTION NO.<br>05-000424-LED*<br><br>* Action is pending in the United States District Court for the Eastern District of Texas |
| ADVANCEME, INC.<br><br>Plaintiff,<br><br>v.<br><br>AMERIMERCHANT LLC,<br><br>Defendant. | CIVIL ACTION NO.<br>06-000082-LED*<br><br>* Action is pending in the United States District Court for the Eastern District of Texas |

**MEMORANDUM OF LAW IN SUPPORT OF ADVANCEME, INC.'s EMERGENCY MOTION FOR AN ~~EX PARTE~~ Emergency HEARING FOR A PROTECTIVE ORDER IN CONNECTION WITH A SUBPOENA THAT WAS SERVED ON THIRD PARTY JOHN KONOP AND THE SCHEDULING OF HIS DEPOSITION ON FEBRUARY 8, 2007, A DATE THAT COUNSEL FOR ADVANCEME IS UNABLE TO ATTEND**

Pursuant to Rules 45(c)(3)(A) and 26(c) of the Federal Rules of Civil Procedure, and Local Rule 7.2(B), Emergency Movant AdvanceMe, Inc. ("AdvanceMe" or "Emergency Movant"), moves for an emergency protective order in connection with a third party subpoena that was served on John Konop, a former corporate officer of AdvanceMe who had significant exposure to attorney-client communications during his employment with AdvanceMe. The subpoenas at issue seek to command the production of documents and deposition testimony on February 8, 2007. For the ***second*** time, counsel for Defendants unilaterally set the date and time of this deposition without consulting counsel for AdvanceMe, as required under the Local Rules for the Eastern District of Texas. Senior counsel for AdvanceMe are unable to attend Mr. Konop's deposition on February 8, 2007; Ronald Lemieux is scheduled to conduct the deposition of an expert witness in another case pending before the Eastern District of Texas, Michael Edelman will be attending a critical client conference in California that cannot be postponed, Vidya Bhakar is defending a deposition in another matter in New York, and Robert Matz is taking the previously agreed to and scheduled deposition of one of the defendants in this case in Connecticut. See Affidavit of Ronald S. Lemieux in Support of AdvanceMe's Motion for Protective Order ("Lemieux Affidavit"), Exhs. A, C-E. AdvanceMe would be severely prejudiced if this deposition of a

former corporate officer of AdvanceMe were allowed to go forward without the presence of senior counsel for AdvanceMe since the subpoena calls for the production of documents and deposition testimony as to matters that are likely protected by the attorney-client privilege.

Accordingly, AdvanceMe respectfully moves this Court for a protective order providing that (1) the production of documents and deposition testimony of Mr. Konop not go forward on February 8, 2007, the date unilaterally set by counsel for Defendants, (2) this third party deposition go forward at a date, time, and location that is mutually agreeable to counsel for AdvanceMe, counsel for Defendants, and third party John Konop, and (3) any documents Mr. Konop intends to produce in response to this subpoena be provided initially only to counsel for AdvanceMe, not counsel for Defendants, so that counsel for AdvanceMe can review these documents and remove from production any documents that are protected by the attorney-client privilege, and designate the remaining documents, as appropriate, pursuant to the standing Protective Order entered in this case.

## BACKGROUND

On Friday, January 12, 2007 at 4:10 p.m. – less than one hour before the end of the last business day before the Martin Luther King, Jr. federal holiday, Joseph

Gray, counsel for Defendants Merchant Money Tree, Reach Financial, First Funds, and AmeriMerchant, served subpoenas on counsel for AdvanceMe by email seeking to command John Konop, a former corporate officer of AdvanceMe, to produce documents and provide deposition testimony on Sunday, January 21, 2007. Under the Local Rules of the Eastern District of Texas, depositions can be scheduled on weekends only "with approval of a judge or by agreement of counsel." L.R. CV-30. Defendants did not meet and confer with counsel for AdvanceMe before scheduling this deposition on a Sunday, nor did they seek the approval of Magistrate Judge Love or Judge Davis. Nonetheless, despite numerous requests by AdvanceMe's counsel during the next week to reschedule the deposition for a mutually convenient time, counsel for Defendants refused to take this deposition off calendar, forcing AdvanceMe to file an emergency motion to quash this deposition. Only after this motion was filed, on Friday, January 19, 2007, did counsel for Defendants finally relent and take this deposition off calendar.

Thereafter, counsel for Defendants again unilaterally set the date for Mr. Konop's deposition for February 8, 2007 without consulting counsel for AdvanceMe. Robert Matz, counsel for AdvanceMe, contacted Mr. Konop on January 26, 2007 and again on January 29, 2007 to discuss the date set for his

deposition. During these conversations, Mr. Konop indicated that he was available "on any Thursday" in the months of February and March. After informing Defendants that counsel for AdvanceMe was unable to attend Mr. Konop's deposition on February 8, 2007, and that Mr. Konop had indicated that he was available on "any Thursday" in the month of February or March, counsel for Defendants contacted Mr. Konop. Following this conversation with counsel for Defendants, Mr. Konop stated that he was not -- as he previously represented to counsel for AdvanceMe – available on any Thursday in February or March of 2007, and that the deposition "needed" to take place on February 8, 2007. When asked why the deposition needed to go forward on February 8, 2007, Mr. Konop indicated that he had an important client meeting on February 7, 2007, where his schedule for the months of February and March would be discussed. Mr. Konop further stated that he "wanted to be available" for this client whenever they needed him to be available, and that therefore he preferred to have his deposition taken on February 8, 2007. When counsel for AdvanceMe suggested that Mr. Konop wait until after the February 7, 2007 meeting with his client and then inform counsel for Defendants and AdvanceMe of his availability, Mr. Konop stated that he was unwilling to do so because he wanted to "get this thing over with" and "move on with his life." *See* Lemieux Affidavit, Exh. I at ¶ 8.

Defendants subpoenas seek to command Mr. Konop to produce "any documents or communications concerning AdvanceMe, the '281 Patent, or the '544 Patent." Lemieux Affidavit, Exh. A at Exhs 1 and 2. Although Defendants failed to identify the scope of the deposition testimony they seek from Mr. Konop, it is presumably coterminus with the document requests they served on this former corporate officer of AdvanceMe. John Konop is the former Chief Development Officer for AdvanceMe and had significant exposure to attorney-client communications during his employment with AdvanceMe. Given the importance of this deposition, AdvanceMe desires to have one of its senior attorneys familiar with the case attend the deposition to protect its interests. As indicated above, however, all of the senior attorneys most familiar with the case have other commitments on that day. Plaintiff's counsel has indicated its availability for any day other than February 8, 2007, but Defendants' counsel has refused to change the date of this deposition.

## ARGUMENT AND CITATION OF AUTHORITY

### A. This Court Should Enter a Protective Order Because the Subpoena Seeks Documents and Testimony on Privileged Matters and Counsel for AdvanceMe Are Unable to Attend Mr. Konop's Deposition on February 8, 2007

This Court is empowered to enter a protective order to prevent the disclosure of confidential information and information that is protected by the attorney-client

privilege. *See* F.R.C.P. 26(c)(7) (2006). Here, the subpoenas that were served on Mr. Konop require him to produce "any documents or communications concerning AdvanceMe, the '281 Patent, or the '544 Patent" and, presumably, to provide deposition testimony on these same issues. See Lemieux Affidavit, Exh. A at Exhs. 1 and 2. Since Mr. Konop was AdvanceMe's former Chief Development Officer and had considerable access to attorney-client privileged documents and communications during his employment at AdvanceMe, there is a substantial risk that Mr. Konop could produce documents and provide deposition testimony on matters that are protected by the attorney-client privilege. In fact, AdvanceMe understands that counsel for Defendants have already contacted Mr. Konop *ex parte* and asked him to disclose the content of privileged discussions he had with outside counsel for AdvanceMe and AdvanceMe's in-house counsel. See Lemieux Affidavit, Exh. A at Exh. 3. Clearly, counsel for AdvanceMe must be present at this deposition to prevent the disclosure of privileged documents and information.

Due to the unavailability of AdvanceMe's senior counsel as described above, AdvanceMe respectfully requests that this Court enter a protective order providing that this deposition should go forward on a date, time, and location that is mutually-agreeable to counsel for AdvanceMe, counsel for Defendants, and third party John Konop. See Fed.R.Civ.P. 26(c) (1)-(2) (2006) (providing that the court

may enter a protective order providing that the requested discovery "not be had" or had at a "designated time and place."). AdvanceMe also requests that this Court require Mr. Konop to produce any responsive documents initially only to AdvanceMe prior to the deposition so that counsel for AdvanceMe has an adequate amount of time to review these documents and ensure no attorney-client privileged documents are produced. See Fed.R.Civ.P. 26(c)(2)-(3) (providing that the court may order a method of discovery other than that selected by the party seeking discovery and may order the scope of discovery to be limited).

B. This Deposition is Oppressive In That it Was Scheduled On the Same Date as a 30(b)(6) Deposition of Defendant Reach Financial, Without Consulting Counsel for AdvanceMe, and Counsel for Defendants Have Refused to Accommodate Reasonable Requests for Rescheduling

Federal Rule of Civil Procedure 26(c) provides "upon motion by a party…the court in the district where the deposition is to be taken may make any order which justice requires to protect a party…from annoyance….oppression, or undue burden or expense." Fed.R.Civ.P. 26(c) (2006). The subpoena that was served on counsel for AdvanceMe is oppressive in that it was scheduled (1) to take place on the same date as the 30(b)(6) deposition of defendant Reach Financial, (2) without first consulting counsel for AdvanceMe, and (3) without accommodating reasonable requests for rescheduling.

First, Defendants scheduled this deposition on February 8, 2007, the same date as the 30(b)(6) deposition of defendant Reach Financial. The February 8, 2007 deposition of Reach Financial was confirmed on January 11, 2007 – two weeks before Defendants even noticed the deposition of Mr. Konop. See Lemieux Affidavit, Exh. A at Exhs. 4 and 5. The Local Rules of the Eastern District of Texas provide that attorneys practicing in the Eastern District of Texas "should not use any form of discovery, or the scheduling of discovery, as a means of harassing opposing counsel." Local Rule AT-3 (H) (Standards of Practice to be Observed by Attorneys). During the meet and confer process over the date for Mr. Konop's deposition, counsel for Defendants insisted that they were unwilling to consider any other date for the deposition of Mr. Konop, but they were perfectly willing to reschedule the 30(b)(6) deposition of Reach Financial "for a later date." This demonstrates that the February 8, 2007 date for Mr. Konop's deposition was selected in an attempt to harass counsel for AdvanceMe by distracting them from the preparation for the deposition of Reach Financial and forcing them to file an emergency motion for a protective order to accomplish a simple scheduling accommodation.

Second, Defendants set the February 8, 2007 date for Mr. Konop's deposition without consulting counsel for AdvanceMe. The Eastern District of

Texas Local Rules require attorneys practicing within the district to be familiar with the Codes of Pretrial and Trial Conduct promulgated by the American College of Trial Lawyers. The very first standard of pretrial conduct provides that "before noticing or scheduling a deposition....a lawyer should consult and work with opposing counsel to accommodate the needs and reasonable requests of all witnesses and participating lawyers." See American College of Trial Lawyers Standards for Pretrial Conduct, Rule 1(a)(1).

Here, counsel for AdvanceMe contacted Mr. Konop on January 26, 2007 and January 29, 2007, and was told both times by Mr. Konop that he could attend this deposition on "any Thursday" in February or March. However, after counsel for Defendants contacted Mr. Konop, Mr. Konop suddenly changed his story, stating that he wanted the deposition to go forward on February 8, 2007. When counsel for AdvanceMe inquired as to why the deposition now needed to go forward on February 8, 2007, Mr. Konop stated that he had an important client meeting on February 7, 2007, where his schedule for the months of February and March would be discussed. Mr. Konop further stated that he "wanted to be available" for this client whenever they needed him to be available, and that therefore he preferred to have his deposition taken on February 8, 2007. When counsel for AdvanceMe suggested that Mr. Konop wait until after the February 7,

2007 meeting with his client and then inform counsel for Defendants and AdvanceMe of his availability for the months of February and March, Mr. Konop stated that he was unwilling to do so because he wanted to "get this thing over with" and "move on with his life." Counsel for AdvanceMe respectfully submits that Mr. Konop's sudden change of heart following his telephone conversation with counsel for Defendants, coupled with Mr. Konop's inability to articulate any meaningful reason why the deposition has to go forward on February 8, 2007, demonstrates that counsel for Defendants are using the scheduling of Mr. Konop's deposition as a means of harassing counsel for AdvanceMe.

Third, counsel for Defendants have refused counsel for AdvanceMe's reasonable requests for scheduling accommodations. Even after his sudden change of heart, Mr. Konop indicated that he would be discussing his schedule for the month of February and March with his client on February 7, 2007. Accordingly, during the meet and confer process prior to the filing of this emergency motion, counsel for AdvanceMe reasonably suggested to counsel for Defendants that that Mr. Konop's February 8, 2007 deposition be taken off calendar and that the parties meet and confer again after Mr. Konop's client meeting to set a date for this deposition. AdvanceMe also stated that it was willing to stipulate that this deposition could take place after the discovery cut-off if the deposition could not

go forward before March 2, 2007. Counsel for Defendants refused this reasonable request as well. In short, AdvanceMe repeatedly has requested that a reasonable scheduling accommodation be made, but counsel for Defendants have refused, citing Mr. Konop's vague desire to "put this behind him" as the reason why this deposition must be held on February 8, 2007, despite counsel for AdvanceMe's unavailability.

## CONCLUSION

This is the second time the Defendants have forced Plaintiff to bring an emergency motion over a scheduling matter. The first time they unilaterally scheduled this deposition for a Sunday and only backed down after counsel filed a motion for relief. Rather than learning their lesson, Defendants again unilaterally scheduled this deposition and once again refuse to discuss alternative dates. For the reasons stated above, AdvanceMe respectfully requests that this Court enter a protective order providing that (1) the production of documents and deposition testimony of Mr. Konop not go forward on February 8, 2007, as currently scheduled, (2) this deposition go forward at a date, time, and location that is mutually agreeable to counsel for AdvanceMe, counsel for Defendants, and third party John Konop, and (3) any documents Mr. Konop intends to produce in response to this subpoena be provided initially only to counsel for AdvanceMe, not

counsel for Defendants, so that counsel for AdvanceMe can review these documents, remove from production any documents that are protected by the attorney-client privilege, and designate the remaining documents, as appropriate, under the standing Protective Order entered in this case.

Dated: February 7, 2007

Respectfully submitted,

By:____________________________

John G. Parker
Georgia Bar No. 562425
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, GA 30308-2222
Telephone:(404) 815-2400
Facsimile: (404) 815-2424
johnparker@paulhastings.com

*Attorney for Emergency Movant AdvanceMe, Inc.*

**CERTIFICATE OF COMPLIANCE WITH RULE 5.1B**

Pursuant to Rule 7.1(D), N.D. Ga., I hereby certify that **ADVANCEME, INC.'s EMERGENCY MOTION FOR AN ~~*EX PARTE*~~ Emergency HEARING FOR A PROTECTIVE ORDER IN CONNECTION WITH A SUBPOENA THAT WAS SERVED ON THIRD PARTY JOHN KONOP AND THE SCHEDULING OF HIS DEPOSITION ON FEBRUARY 8, 2007, A DATE THAT COUNSEL FOR ADVANCEME IS UNABLE TO ATTEND AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF** have been prepared using one of the font and point selections approved by the Court in Local Rule 5.1B, N.D.Ga. This document was prepared using Times New Roman (14 pt.).

Dated: February 7, 2007

Respectfully submitted,

By:____________________________

John G. Parker
Georgia Bar No. 562425
PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, GA 30308-2222
Telephone:(404) 815-2400
Facsimile: (404) 815-2424
johnparker@paulhastings.com

*Attorney for Emergency Movant AdvanceMe, Inc.*