FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 0 7 2007

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

1 07-MI ·0036

| | |
|---|---|
| ADVANCEME, INC.<br><br>Plaintiff,<br><br>v.<br><br>RAPIDPAY LLC, et. al,<br><br>Defendants. | CIVIL ACTION NO.<br>05-000424-LED*<br><br>* Action is pending in the United States District Court for the Eastern District of Texas<br><br>JTC |
| ADVANCEME, INC.<br><br>Plaintiff,<br><br>v.<br><br>AMERIMERCHANT LLC,<br><br>Defendant. | CIVIL ACTION NO.<br>06-000082-LED*<br><br>* Action is pending in the United States District Court for the Eastern District of Texas |

**AFFIDAVIT OF RONALD S. LEMIEUX IN SUPPORT OF ADVANCEME, INC.'S EMERGENCY MOTION FOR AN *EX PARTE* HEARING FOR A PROTECTIVE ORDER IN CONNECTION WITH A SUBPOENA THAT WAS SERVED ON THIRD PARTY JOHN KONOP AND THE SCHEDULING OF HIS DEPOSITION ON FEBRUARY 8, 2007, A DATE THAT COUNSEL FOR ADVANCEME IS UNABLE TO ATTEND**

I, Ronald S. Lemieux, declare as follows:

1. I am a Partner with the law firm of Paul, Hastings, Janofsky & Walker LLP, counsel for plaintiff AdvanceMe, Inc. ("AdvanceMe") in the above-

referenced matter. I have personal knowledge of the following facts except as otherwise noted and, if called upon to do so, could and would testify competently thereto.

2. John Konop is AdvanceMe's former Director of Operations and therefore a former member of AdvanceMe's management. My office has been informed by AdvanceMe that upon the commencement of Mr. Konop's employment with AdvanceMe, he signed a confidentiality/non-disclosure agreement providing that he was not to disclose any of AdvanceMe's confidential information to people or entities outside the company.

3. On Friday, January 12, 2007 at 4:10 p.m., less than one hour before the end of the last business day before the Martin Luther King, Jr. federal holiday, counsel for Defendants Merchant Money Tree, Reach Financial, First Funds, and AmeriMerchant sent an email to counsel for AdvanceMe attaching subpoenas for deposition and document production to John Konop. The subpoenas commanded Mr. Konop to produce documents and provide deposition testimony on Sunday, January 21, 2007.

4. Counsel for Defendants did not contact counsel for AdvanceMe prior to scheduling this deposition on the following Sunday, nor did counsel for Defendants contact counsel for AdvanceMe after the Martin Luther King, Jr. federal holiday to see if the scheduling of these depositions presented any

difficulties for counsel for AdvanceMe.

5. Counsel for AdvanceMe contacted Defendants' counsel several times during the following week asking them to take this Sunday deposition off calendar and move it to a time convenient for all counsel and the witness. Setting a deposition for a Sunday is a violation of the Local Rules for the Eastern District of Texas absent the prior agreement of counsel or a Court order permitting the deposition to go forward. Defense counsel refused to change the time for the deposition, however, until counsel for AdvanceMe filed an *ex parte* motion for emergency relief. Only then did defense counsel take the deposition off calendar.

6. Thereafter, counsel for Defendants again unilaterally set the date for Mr. Konop's deposition for February 8, 2007 without consulting counsel for AdvanceMe.

7. Robert Matz of my office contacted Mr. Konop on January 26 and 29, 2007 to discuss the scheduling of his deposition. During those discussions, Mr. Konop told Mr. Matz that he was available "on any Thursday" in the months of February and March.

8. After informing Defendants' counsel that AdvanceMe's counsel was unable to attend Mr. Konop's deposition on February 8, 2007, and that Mr. Konop had indicated that he was available on "any Thursday" in the month of February or March, counsel for Defendants contacted Mr. Konop. We were subsequently

"advised" by Mr. Konop that the deposition "needed" to take place on February 8, 2007. The details of this discussion with Mr. Konop are set forth in the Affidavit of Robert C. Matz in Support of AdvanceMe's Emergency Motion for Protective Order filed in the Eastern District of Texas on February 5, 2007. A true and correct copy of Mr. Matz' affidavit is attached hereto as Exhibit A.

9. On February 5, 2007, AdvanceMe filed an Emergency Motion for Protective Order concerning the Konop subpoena in the Eastern District of Texas. A true and correct copy of the Emergency Motion is attached hereto as Exhibit B.

10. AdvanceMe's Motion for Protective Order sought a protective order continuing the deposition and document production of Mr. Konop to a mutually agreeable date, and requiring an opportunity for counsel for AdvanceMe to review any documents produced by Konop as such documents are likely covered by the confidentiality agreement Konop signed at the commencement of his employment with AdvanceMe.

11. In support of its Motion for Protective Order, AdvanceMe submitted declarations from its senior counsel explaining why each of them is unavailable to attend the deposition on February 8, 2007.

12. Attached hereto as Exhibit C is a true and correct copy of the Affidavit of Ronald Lemieux in Support of AdvanceMe's Motion for Protective Order, submitted to the Eastern District of Texas on February 5, 2007.

13. Attached hereto as Exhibit D is a true and correct copy of the Affidavit of Michael Edelman in Support of AdvanceMe's Motion for Protective Order, submitted to the Eastern District of Texas on February 5, 2007.

14. Attached hereto as Exhibit E is a true and correct copy of the Affidavit of Vidya Bhakar in Support of AdvanceMe's Motion for Protective Order, submitted in the Eastern District of Texas on February 5, 2007.

15. As AdvanceMe was filing its Emergency Motion, the Defendants were also filing a Motion to Compel the Konop deposition to take place on February 8, 2007. A true and correct copy of the Defendants' Motion to Compel is attached hereto as Exhibit F.

16. The Defendants' Motion was supported by Declarations from its counsel, Willem Schuurman and Joseph Gray. True and correct copies of these declarations are attached hereto as Exhibits G and H, respectively. The Defendants Motion does not contain any declaration from John Konop under oath explaining why he claims the deposition must proceed on February 8, 2007.

17. On February 6, 2007, the United States District Court for the Eastern District of Texas issued an Order denying both motions. The Court stated that it was without authority to either prevent or compel Mr. Konop's deposition because the subpoena issued out of the Northern District of Georgia. Accordingly, the Court instructed the parties to seek relief in the Northern District of Georgia; but

encouraged the parties to informally resolve this dispute. A true and correct copy of the order is attached hereto as Exhibit I.

18. After receiving the order, my office attempted to contact Defendants' counsel via telephone; but was informed that Messrs. Schuurman and Gray were away from the office traveling. Accordingly, my office emailed Defendants' counsel of record to advise them of this Emergency *Ex Parte* application, and to request that the Defendants cooperate in an informal resolution. A true and correct copy of this email from Shanée Y. Williams to counsel for Defendants is attached hereto as Exhibit J.

19. As of the time of notarizing this affidavit, my office has not received any response from counsel for Defendants.

20. AdvanceMe is not moving for a protective order for any improper purpose.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: February 6, 2007

Ronald S. Lemieux

STATE OF CALIFORNIA )
) ss.
COUNTY OF SANTA CLARA )

On February 6, 2007 before me, Christy Ojeda, Notary Public, personally appeared Ronald S. Lemieux, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Christy G Ojeda
Notary Public

CHRISTY G. OJEDA
Commission # 1409167
Notary Public - California
San Mateo County
My Comm. Expires Apr 5, 2007