# EXHIBIT A

**TO AFFIDAVIT OF RONALD S. LEMIEUX IN SUPPORT OF ADVANCEME, INC.'S EMERGENCY MOTION FOR AN *EX PARTE* HEARING FOR A PROTECTIVE ORDER IN CONNECTION WITH A SUBPOENA THAT WAS SERVED ON THIRD PARTY JOHN KONOP AND THE SCHEDULING OF HIS DEPOSITION ON FEBRUARY 8, 2007, A DATE THAT COUNSEL FOR ADVANCEME IS UNABLE TO ATTEND**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RAPIDPAY LLC, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL, LLC, and FAST TRANSACT, INC. d/b/a SIMPLE CASH,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 6:05-CV-424 (LED – JDL) |
| ADVANCEME, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMERIMERCHANT, LLC,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 6:06-CV-082 (LED – JDL)<br><br>JURY TRIAL DEMANDED |

## AFFIDAVIT OF ROBERT C. MATZ IN SUPPORT OF ADVANCEME, INC.'S EMERGENCY MOTION FOR A PROTECTIVE ORDER IN CONNECTION WITH A SUBPOENA THAT WAS SERVED ON THIRD PARTY JOHN KONOP AND THE SCHEDULING OF HIS DEPOSITION ON FEBRUARY 8, 2007, A DATE THAT COUNSEL FOR ADVANCEME IS UNABLE TO ATTEND

I, Robert C. Matz, declare as follows:

1. I am an Associate with the law firm of Paul, Hastings, Janofsky & Walker LLP, counsel for plaintiff AdvanceMe, Inc. ("AdvanceMe") in the above-referenced matter. I have personal knowledge of the following facts except as otherwise noted and, if called upon to do so,

could and would testify competently thereto.

2. On Friday, January 12, 2007 at 4:10 p.m., less than one hour before the end of the last business day before the Martin Luther King, Jr. federal holiday, counsel for Defendants Merchant Money Tree, Reach Financial, First Funds, and AmeriMerchant sent an e-mail to counsel for AdvanceMe attaching deposition and document subpoenas for John Konop. These deposition subpoenas commanded Mr. Konop to produce documents and provide deposition testimony on Sunday, January 21, 2007. True and correct copies of these subpoenas are attached hereto as Exhibits 1 and 2.

3. Counsel for Defendants did not contact counsel for AdvanceMe prior to scheduling this deposition on the following Sunday, nor did counsel for Defendants contact counsel for AdvanceMe after the Martin Luther King, Jr. federal holiday to see if the scheduling of these depositions presented any difficulties for counsel for AdvanceMe.

4. On Friday, January 19, 2007, after AdvanceMe filed an emergency motion to quash this deposition subpoena, counsel for Defendants finally relented and took this deposition off calendar.

5. Thereafter, counsel for Defendants again unilaterally set the date for Mr. Konop's deposition for February 8, 2007 without consulting counsel for AdvanceMe.

6. I contacted Mr. Konop on January 26, 2007 and again on January 29, 2007 to discuss the date set for his deposition. During these conversations, Mr. Konop indicated that he was available "on any Thursday" in the months of February and March.

7. After informing Defendants that counsel for AdvanceMe was unable to attend Mr. Konop's deposition on February 8, 2007, and that Mr. Konop had indicated that he was available on "any Thursday" in the month of February or March, counsel for Defendants contacted Mr.

Konop. Following this conversation with counsel for Defendants, Mr. Konop indicated that he was not -- as he previously represented to counsel for AdvanceMe -- available on any Thursday in February or March of 2007, and that the deposition "needed" to take place on February 8, 2007. When asked why the deposition needed to go forward on February 8, 2007, Mr. Konop indicated that he had an important client meeting on February 7, 2007, where his schedule for the months of February and March would be discussed. Mr. Konop further stated that he "wanted to be available" for this client whenever they needed him to be available, and that therefore he preferred to have his deposition taken on February 8, 2007.

8. When counsel for AdvanceMe suggested that Mr. Konop wait until after the February 7, 2007 meeting with his client and then inform counsel for Defendants and AdvanceMe of his availability, Mr. Konop stated that he was unwilling to do so because he wanted to "get this thing over with" and "move on with his life."

9. Attached hereto as Exhibit 3 is a true and correct copy of letter describing Defendants' improper *ex parte* contact with Mr. Konop.

10. Attached hereto as Exhibit 4 is a true and correct copy of a January 11, 2007 e-mail sent by Joey Gray, counsel for Defendants, requesting confirmation that the 30(b)(6) deposition of defendant Reach Financial would be going forward on February 8, 2007.

11. Attached hereto as Exhibit 5 is a true and correct copy of a January 11, 2007 e-mail I sent to Joey Gray, counsel for Defendants, confirming that the 30(b)(6) deposition of defendant Reach Financial would be going forward on February 8, 2007.

12. AdvanceMe is not moving for a protective order or an order quashing or modifying these subpoenas for any improper purpose.

DATED: February 5, 2007

Robert C. Matz, Bar No. 217822, Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served a copy of this document via the court's CM/ECF system pursuant to Fed.R.Civ.P. 5(d) and Local Rule 5(c) on this the 15th day of February, 2007. Any other counsel of record will be served by first class mail on this same date.

/s/
Robert C. Matz

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for plaintiff AdvanceMe, Inc. has conferred with counsel for Defendants Merchant Money Tree, Inc., First Funds, LLC, Reach Financial, LLC, and AmeriMerchant, LLC in a good faith attempt to resolve the matter of this motion without Court intervention but was unable to reach any agreement. Defendants oppose this motion.

/s/
Robert C. Matz

# Exhibit 1

AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

ADVANCEME, INC.

v.

RAPIDPAY LLC, ET AL.

**SUBPOENA IN A CIVIL CASE**

**Case Number:** 6:05-cv-424-LED-JDL

(Pending in the United States District Court for the Eastern District of Texas)

TO: John Konop
1303 Oak Bluff Court
Canton, GA 30114

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be video and stenographically recorded.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Atlanta Marriott Northwest<br>200 Interstate North Parkway<br>Atlanta, GA 30339 | January 21, 2007<br>9:30 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Schedule A.

| PLACE | DATE AND TIME |
| --- | --- |
| Atlanta Marriott Northwest<br>200 Interstate North Parkway<br>Atlanta, GA 30339 | January 21, 2007<br>9:30 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] | 1/12/07 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Joseph D. Gray<br>Vinson & Elkins, LLP, 2801 Via Fortuna, Suite 100, Austin, TX 78746-7568<br>(512) 542-8400 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ ______________________
DATE SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) *A party or an attorney responsible* for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person *subject to that subpoena. The court on behalf of which* the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, *but is not limited to,* lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce *and permit inspection and* copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection *unless commanded to appear for deposition,* hearing or trial.

(B) Subject to paragraph *(d) (2) of this rule,* a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time *is less than 14 days after service,* serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. *If objection is made, the party* serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the *subpoena was issued. If objection has been made,* the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. *Such an order to comply* production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court *by which* a subpoena was issued shall quash or modify the subpoena if it

(i) *fails to allow reasonable time for compliance,*

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 *miles from the place where that person resides,* is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order *to attend trial be commanded to travel from any such* place within the state in which the trial is held, or

(iii) *requires disclosure of privileged* or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and *resulting from the expert's study made not at the request of any party, or*

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued *shows a substantial need for the testimony or material* that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

*(d) DUTIES IN RESPONDING TO SUBPOENA.*

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as *trial preparation materials, the claim* shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to *enable the demanding party* to contest the claim.

**Definitions**

The definitions, instructions and rules of construction set forth in the Federal Rules of Civil Procedure are hereby incorporated by reference into, and expressly made a part of, the requests for production of documents contained in this Schedule A. In addition, defendant hereby supplements those definitions, instructions and rules of construction with the following defined terms. Where any of the following defined terms appear in a specific request, that term should be construed as defined herein:

A. The term "AdvanceMe" shall mean AdvanceMe, Incorporated including any and all of its predecessors and successors in interest; any and all parents, subsidiaries, and other affiliate corporations or business organizations; and all past or present directors, officers, employees, partners, agents, representatives, attorneys, consultants, and others acting or purporting to act on behalf of or in concert with any of the foregoing.

B. The term "communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means and in any media, including written or electronic correspondence.

C. The term "concerning" means analyzing, containing, constituting, dealing with, defining, describing, discussing, embodying, evidencing, explaining, identifying, memorializing, mentioning, reflecting, referring to, relating to, setting forth, showing, stating, summarizing, supporting, or in any way pertaining to the subject matter of the relevant request.

D. The term "documents" means any and all tangible things and documents, whether handwritten, typed, printed, displayed or displayable on a computer terminal screen, or otherwise visually reproduced, including but not limited to letters, e-mails, faxes, cables, wires, memoranda, and interoffice communications; reports, notes, minutes and recordings, drawings, blueprints, sketches, charts, photographs and movies, patents, patent applications, assignments, contracts, agreements and other official documents and legal instruments; published material of any kind; engineering or scientific notebooks and data; travel reports and vouchers; and ledgers, bills, orders, books, records, invoices, checks, receipts, and files.

E. The terms "include" or "including" shall mean including but not limited to.

F. The term "'281 patent" refers to U.S. Patent No. 6,941,281 (issued on September 6, 2005), it s application, and any other related documents.

G. The term "'544 patent" refers to U.S. Patent No. 6,826,544 (issued on November 30, 2004), its application, and any other related documents.

**Schedule A**

1. Any documents or communications concerning AdvanceMe, the '281 Patent, or the '544 Patent

# Exhibit 2

AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

ADVANCEME, INC.

v.

AMERIMERCHANT, LLC.

**SUBPOENA IN A CIVIL CASE**

**Case Number:** 6:06-cv-082-LED-JDL

[Pending in the United States District Court for the Eastern District of Texas]

TO: John Konop
1308 Oak Bluff Court
Canton, GA 30114

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be video and stenographically recorded.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Atlanta Marriott Northwest<br>200 Interstate North Parkway<br>Atlanta, GA 30339 | January 21, 2007<br>9:30 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Atlanta Marriott Northwest<br>200 Interstate North Parkway<br>Atlanta, GA 30339 | January 21, 2007<br>9:30 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 1/12/07 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Joseph D. Gray<br>Vinson & Elkins, LLP, 2801 Via Fortuna, Suite 100, Austin, TX 78746-7568<br>(512) 542-8400 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ DATE ______________________ SIGNATURE OF SERVER

______________________ ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Definitions**

The definitions, instructions and rules of construction set forth in the Federal Rules of Civil Procedure are hereby incorporated by reference into, and expressly made a part of, the requests for production of documents contained in this Schedule A. In addition, defendant hereby supplements those definitions, instructions and rules of construction with the following defined terms. Where any of the following defined terms appear in a specific request, that term should be construed as defined herein:

A. The term "AdvanceMe" shall mean AdvanceMe, Incorporated including any and all of its predecessors and successors in interest; any and all parents, subsidiaries, and other affiliate corporations or business organizations; and all past or present directors, officers, employees, partners, agents, representatives, attorneys, consultants, and others acting or purporting to act on behalf of or in concert with any of the foregoing.

B. The term "communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means and in any media, including written or electronic correspondence.

C. The term "concerning" means analyzing, containing, constituting, dealing with, defining, describing, discussing, embodying, evidencing, explaining, identifying, memorializing, mentioning, reflecting, referring to, relating to, setting forth, showing, stating, summarizing, supporting, or in any way pertaining to the subject matter of the relevant request.

D. The term "documents" means any and all tangible things and documents, whether handwritten, typed, printed, displayed or displayable on a computer terminal screen, or otherwise visually reproduced, including but not limited to letters, e-mails, faxes, cables, wires, memoranda, and interoffice communications; reports, notes, minutes and recordings, drawings, blueprints, sketches, charts, photographs and movies, patents, patent applications, assignments, contracts, agreements and other official documents and legal instruments; published material of any kind; engineering or scientific notebooks and data; travel reports and vouchers; and ledgers, bills, orders, books, records, invoices, checks, receipts, and files.

E. The terms "include" or "including" shall mean including but not limited to.

F. The term "'281 patent" refers to U.S. Patent No. 6,941,281 (issued on September 6, 2005), it s application, and any other related documents.

G. The term "'544 patent" refers to U.S. Patent No. 6,826,544 (issued on November 30, 2004), its application, and any other related documents.

**Schedule A**

1. Any documents or communications concerning AdvanceMe, the '281 Patent, or the '544 Patent

# Exhibit 3

Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(650) 320-1822
michaeledelman@paulhastings.com

January 30, 2007 34717.00007

*VIA FACSIMILE*

Willem G. Schuurman, Esq.
Joseph D. Gray, Esq.
Vinson & Elkins, LLP
2801 Via Fortuna, Ste. 100
Austin, Texas 78746

Re: *AdvanceMe, Inc. v. RapidPay, LLC, et al.*
*AdvanceMe, Inc. v. AmeriMerchant, LLC*

Dear Mr. Shuurman and Mr. Gray:

This letter concerns deposition scheduling and some disturbing recent revelations regarding defense counsel's contacts with former AdvanceMe employees.

First, the Defendants have once again failed to meet and confer with us on deposition scheduling, despite our prior motion for protective order on this very same topic. We are unavailable to attend the Konop deposition on the currently scheduled time of February 8 (and we are not willing to move the previously scheduled deposition of Reach Financial set for that date, which was noticed and scheduled much earlier). We have spoken to Mr. Konop, and he informs us that he is available for deposition on any Thursday this month. We are available to attend the deposition on February 22. Please confirm this date is available for the Defendants.

We also note that the Defendants have now propounded a flurry of additional deposition notices and subpoenas without conferring with us on availability. The parties are never going to get through the rest of discovery with this type of approach. We suggest that the parties exchange by Thursday a list of all remaining witnesses that they intend to depose in this case, and then participate in a conference call on Friday (or early the following week) to arrive at a global deposition schedule. Please confirm this is acceptable.

Second, we have very serious concerns about the Defendants' ex parte contacts with Mr. Konop and other former AdvanceMe employees. It is our understanding that, during the Defendants' prior interview of Mr. Konop, the Defendants' counsel directly inquired as to the content of meetings between Mr. Konop and patent counsel (and concerning alleged communications between Mr. Konop and AdvanceMe's in-house counsel on patent matters and other confidential issues), and that the alleged content of those meetings or communications was discussed by Mr. Konop with the Defendants' counsel. It is our

Paul Hastings

William G. Shumman, Esq.
Joseph D. Gray, Esq.
January 30, 2007
Page 2

further understanding that the Defendants engaged in this same tactic with respect to Mr. Angrisani, and perhaps other witnesses.

As you must know, the eliciting of privileged or confidential information from former AdvanceMe employees is a blatant violation of the appropriate ethical rules. Indeed, numerous courts around the country have granted motions for disqualification or other serious sanctions arising out of this type of misconduct. The Defendants and their counsel are not permitted, under any circumstances, to inquire into the content of privileged discussions between AdvanceMe and its counsel. Nor are the Defendants permitted to obtain such information to serve as a basis for further discovery. We are shocked that a firm of your caliber would engage in such misconduct, and we are carefully considering our available remedies associated therewith.

In light of this misconduct, and given the numerous depositions of AdvanceMe employees that are approaching, we at minimum need your firm's commitment that the Defendants will not engage in this conduct in the future. Please immediately confirm in writing that the Defendants (a) will not engage in any further questioning of any current or former AdvanceMe employees relating to any privileged or confidential information of AdvanceMe, (b) will not utilize in this case, in any way, shape, or form, any information learned from discussions with Mr. Konop, Mr. Angrisani, or any other witnesses concerning the content of any communications or meetings between AdvanceMe and its patent, in-house, or corporate counsel, and (c) will not seek, during any remaining depositions in this case, any information on the content of privileged discussions between any AdvanceMe employees and counsel.

In addition, as we are still evaluating the appropriate remedy for the Defendants' past misconduct, it is imperative for us to fully understand the nature of the discussions that the Defendants engaged in with these witnesses. To this end, please forward to us immediately any and all notes, memoranda, or other documents which discuss or summarize the content of the interviews between the Defendants and Mr. Konop, Mr. Angrisani, or any other current or former AdvanceMe employee. As this is a matter of great urgency to AdvanceMe, please provide the confirmations and information requested no later than Thursday, February 1, 2007. We cannot understate the importance of receiving your firm's complete disclosure on this issue by Thursday.

Sincerely,

Michael N. Edelman
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

MNE:ch
cc: Hilary L. Preston, Esq. *(via facsimile)*
Douglas R. McSwane, Jr., Esq. *(via facsimile)*

LEGAL_US_W # 55545466.1

01/30/2007 19:03 FAX 650 320 1900 PAUL HASTINGS 001

*************************
*** TX REPORT ***
*************************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 0857 |
| RECIPIENT ADDRESS | 19035930846 |
| DESTINATION ID | |
| ST. TIME | 01/30 19:01 |
| TIME USE | 01'34 |
| PAGES SENT | 3 |
| RESULT | OK |

Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

***FACSIMILE TRANSMISSION***

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| William G. Schuurman<br>Joseph D. Gray | Vinson & Elkins, LLP | 512-236-3476 | 512-542-8400 |
| Hilary Preston | Vinson & Elkins, LLP | 212-237-0100 | 212-237-0000 |
| Douglas R. McSwane | Potter Minton, P.C. | 903-593-0846 | 903-597-8311 |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Michael N. Edelman | (650) 320-1900 | (650) 320-1822 | |

| | | | |
|---|---|---|---|
| client name: | AdvanceMe | client matter number: | 34717.00007 |
| date: | January 30, 2007 | pages (with cover): | 3 |

comments:

Please see attached letter.

01/30/2007 19:03 FAX 650 320 1900 PAUL HASTINGS 001

*************************
*** TX REPORT ***
*************************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 08[illegible] |
| RECIPIENT ADDRESS | 12122370100 |
| DESTINATION ID | |
| ST. TIME | 01/30 19:01 |
| TIME USE | 01'33 |
| PAGES SENT | 3 |
| RESULT | OK |

Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

***FACSIMILE TRANSMISSION***

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Willem G. Schuurman | Vinson & Elkins, LLP | 512-236-3476 | 512-542-8400 |
| Joseph D. Gray | | | |
| Hilary Preston | Vinson & Elkins, LLP | 212-237-0100 | 212-237-0000 |
| Douglas R. McSwane | Potter Minton, P.C. | 903-593-0846 | 903-597-8311 |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Michael N. Edelman | (650) 320-1900 | (650) 320-1822 | |

| | | | |
|---|---|---|---|
| client name: | AdvanceMe | client matter number: | 34717.00007 |
| date: | January 30, 2007 | pages (with cover): | 3 |

comments:

Please see attached letter.

01/30/2007 19:00 FAX 650 320 1900 PAUL HASTINGS 001

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 0856 |
| RECIPIENT ADDRESS | 15122363476 |
| DESTINATION ID | |
| ST. TIME | 01/30 18:58 |
| TIME USE | 01'38 |
| PAGES SENT | 3 |
| RESULT | OK |

Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

**FACSIMILE TRANSMISSION**

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Willem G. Schuurman | Vinson & Elkins, LLP | 512-236-3476 | 512-542-8400 |
| Joseph D. Gray | | | |
| Hilary Preston | Vinson & Elkins, LLP | 212-237-0100 | 212-237-0000 |
| Douglas R. McSwane | Potter Minton, P.C. | 903-593-0846 | 903-597-8311 |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Michael N. Edelman | (650) 320-1900 | (650) 320-1822 | |

| | | | |
|---|---|---|---|
| client name: | AdvanceMe | client matter number: | 34717.00007 |
| date: | January 30, 2007 | pages (with cover): | 3 |

comments:

Please see attached letter.

# Exhibit 4

**Matz, Robert**

---

**From:** Gray, Joseph [jgray@velaw.com]
**Sent:** Thursday, January 11, 2007 9:18 AM
**To:** Edelman, Michael N.; Matz, Robert
**Subject:** 30(b)(6) depositions

Mike and Robert:

Please confirm whether AdvanceMe intends to proceed with the 30(b)(6) deposition of Merchant Money Tree on January 23rd and/or the 30(b)(6) deposition of Reach Financial on February 8th.

Regards,

*Joseph D. Gray*
Attorney
Vinson & Elkins LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel 512.542.8420
Fax 512.236.3224
jgray@velaw.com

To the extent this communication contains any statement regarding federal taxes, that statement was not written or intended to be used, and it cannot be used, by any person (i) as a basis for avoiding federal tax penalties that may be imposed on that person, or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

.....CONFIDENTIALITY NOTICE.....

The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

Thank You.

# Exhibit 5

**Matz, Robert**

**From:** Matz, Robert
**Sent:** Friday, January 12, 2007 4:24 PM
**To:** 'Gray, Joseph'
**Subject:** RE: 30(b)(6) depositions

Joey:

AdvanceMe confirms that it will be proceeding with these depositions, on these dates, at the locations set forth in the Notice of Deposition.

Regards,

Robert Matz

---

**From:** Gray, Joseph [mailto:jgray@velaw.com]
**Sent:** Thursday, January 11, 2007 9:18 AM
**To:** Edelman, Michael N.; Matz, Robert
**Subject:** 30(b)(6) depositions

Mike and Robert:

Please confirm whether AdvanceMe intends to proceed with the 30(b)(6) deposition of Merchant Money Tree on January 23rd and/or the 30(b)(6) deposition of Reach Financial on February 8th.

Regards,

*Joseph D. Gray*
Attorney
Vinson & Elkins LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel 512.542.8420
Fax 512.236.3224
jgray@velaw.com

To the extent this communication contains any statement regarding federal taxes, that statement was not written or intended to be used, and it cannot be used, by any person (i) as a basis for avoiding federal tax penalties that may be imposed on that person, or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

......CONFIDENTIALITY NOTICE......

The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review,

dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

Thank You.