# EXHIBIT I

**TO AFFIDAVIT OF RONALD S. LEMIEUX IN SUPPORT OF ADVANCEME, INC.'S EMERGENCY MOTION FOR AN *EX PARTE* HEARING FOR A PROTECTIVE ORDER IN CONNECTION WITH A SUBPOENA THAT WAS SERVED ON THIRD PARTY JOHN KONOP AND THE SCHEDULING OF HIS DEPOSITION ON FEBRUARY 8, 2007, A DATE THAT COUNSEL FOR ADVANCEME IS UNABLE TO ATTEND**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ADVANCEME, INC.**<br><br>**Plaintiff**<br><br>**vs.**<br><br>**RAPIDPAY, LLC, BUSINESS CAPITAL CORPORATION, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL, LLC and FAST TRANSACT, INC. d/b/a SIMPLE CASH**<br><br>**Defendants,** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 6:05cv424** |

---

| | | |
|---|---|---|
| **ADVANCEME, INC.**<br><br>**Plaintiff**<br><br>**vs.**<br><br>**AMERIMERCHANT, LLC,**<br><br>**Defendant** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 6:06cv082** |

**ORDER**

Before the Court are AdvanceMe, Inc.'s Emergency Motion for a Protective Order in Connection with a Subpoena that was Served on Third Party John Konop and the Scheduling of his Deposition on February 8, 2007, a Date that Counsel for AdvanceMe is Unable to Attend and Memorandum of Points & Authorities in Support Thereof (Doc. No. 204), and Defendants' Emergency Motion to Ensure that a Third Party Deposition Proceed on February 8, 2007 as Rescheduled (Doc. No. 203). At issue is the currently scheduled deposition of Mr. John Konop, a third party witness, that is currently scheduled for February 8, 2007, in Atlanta, Georgia. A subpoena

was issued by the United States District Court for the Northern District of Georgia commanding Mr. Konop's appearance.

Federal Rule of Civil Procedure 45 applies to motions to compel or protective order involving a subpoena served on a third party. Rule 45 clearly references that the court on behalf of which a subpoena was issued has the authority to quash or modify a subpoena and to enforce the duties required by Rule 45. This Court, sitting in the Eastern District of Texas, cannot compel attendance of a non-party witness outside its subpoena range. Accordingly, the Court **DENIES** the motions of both parties and instructs the parties to seek relief from the United States District Court in the Northern District of Georgia if they cannot seek favorable resolution on their own.

**So ORDERED and SIGNED this 6th day of February, 2007.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC.<br><br>Plaintiff<br><br>vs.<br><br>RAPIDPAY, LLC, BUSINESS CAPITAL CORPORATION, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL, LLC and FAST TRANSACT, INC. d/b/a SIMPLE CASH<br><br>Defendants, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:05cv424 |

---

| | | |
|---|---|---|
| ADVANCEME, INC.<br><br>Plaintiff<br><br>vs.<br><br>AMERIMERCHANT, LLC,<br><br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:06cv082 |

**ORDER**

Before the Court are AdvanceMe, Inc.'s Emergency Motion for a Protective Order in Connection with a Subpoena that was Served on Third Party John Konop and the Scheduling of his Deposition on February 8, 2007, a Date that Counsel for AdvanceMe is Unable to Attend and Memorandum of Points & Authorities in Support Thereof (Doc. No. 204), and Defendants' Emergency Motion to Ensure that a Third Party Deposition Proceed on February 8, 2007 as Rescheduled (Doc. No. 203). At issue is the currently scheduled deposition of Mr. John Konop, a third party witness, that is currently scheduled for February 8, 2007, in Atlanta, Georgia. A subpoena

was issued by the United States District Court for the Northern District of Georgia commanding Mr. Konop's appearance.

Federal Rule of Civil Procedure 45 applies to motions to compel or protective order involving a subpoena served on a third party. Rule 45 clearly references that the court on behalf of which a subpoena was issued has the authority to quash or modify a subpoena and to enforce the duties required by Rule 45. This Court, sitting in the Eastern District of Texas, cannot compel attendance of a non-party witness outside its subpoena range. Accordingly, the Court **DENIES** the motions of both parties and instructs the parties to seek relief from the United States District Court in the Northern District of Georgia if they cannot seek favorable resolution on their own.

**So ORDERED and SIGNED this 6th day of February, 2007.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE