# U. S. DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS LOCAL RULES AND APPENDIXES as of December 6, 2006[1]

## TABLE OF CONTENTS


SECTION I: CIVIL RULES . . . 3
- LOCAL RULE CV-1 Scope and Purpose of Rules . . . 3
- LOCAL RULE CV-4 Complaint, Summons and Return . . . 3
- LOCAL RULE CV-5 Service and Filing of Pleadings and Other Papers . . . 4
- LOCAL RULE CV-7 Motions Practice . . . 8
- LOCAL RULE CV-9 Pleadings and Special Matters . . . 11
- LOCAL RULE CV-10 Form of Pleadings . . . 11
  - Deficient pleadings/documents . . . 11
- LOCAL RULE CV-11 Signing of Pleadings, Motions and Other Documents . . . 12
- LOCAL RULE CV-16 Pretrial Conferences; Scheduling; Management . . . 13
- LOCAL RULE CV-26 Provisions Governing Discovery; Duty of Disclosure . . . 13
  - No Excuses . . . 13
- LOCAL RULE CV-30 Depositions Upon Oral Examination . . . 14
- LOCAL RULE CV-34 Production of Documents and Things. . . . 14
- LOCAL RULE CV-38 Jury Trial of Right . . . 15
- LOCAL RULE CV-41 Dismissal of Actions . . . 15
- LOCAL RULE CV-42 Consolidation; Separate Trials . . . 15
- LOCAL RULE CV-43 Taking of Testimony . . . 16
- LOCAL RULE CV-45 Subpoena . . . 16
- LOCAL RULE CV-47 Selection of Jurors . . . 16
- LOCAL RULE CV-54 Judgments; Costs . . . 16
- LOCAL RULE CV-56 Summary Judgment . . . 17
- LOCAL RULE CV-63 Inability of a Judge to Proceed . . . 17
- LOCAL RULE CV-65 Injunctions . . . 18
- LOCAL RULE CV-65.1 Security; Proceedings Against Sureties . . . 18
- LOCAL RULE CV-72 Magistrate Judges . . . 19
- LOCAL RULE CV-77 District Courts and Clerks . . . 19
- LOCAL RULE CV-81 Removed Actions . . . 20
- LOCAL RULE CV-83 Rules by District Courts; Judge's Directives . . . 21
  - Docket Calls . . . 21

**SECTION II: CRIMINAL RULES** . . . 22
- LOCAL RULE CR-1 Scope . . . 22
- LOCAL RULE CR-6 The Grand Jury . . . 22
- LOCAL RULE CR-10 Arraignments . . . 22
- LOCAL RULE CR-17 Subpoena . . . 22
- LOCAL RULE CR-24 Trial Jurors . . . 23
- LOCAL RULE CR-44 Right to and Assignment of Counsel . . . 23
- LOCAL RULE CR-47 Motions . . . 23
- LOCAL RULE CR-49 Service and Filing of Papers . . . 23
- LOCAL RULE CR-55 Records . . . 24


---

[1]Current through General Order 06-17, entered December 6, 2006.

Removal of Papers, Records, etc. . . . . . 24
Disposition of Exhibits by Clerk . . . . . . 24

**SECTION III: ATTORNEYS** . . . . . . 25
LOCAL RULE AT-1 Admission to Practice . . . . . . 25
LOCAL RULE AT-2 Attorney Discipline . . . . . . 27
LOCAL RULE AT-3 Standards Of Practice To Be Observed By Attorneys . . . . . . 28

**INDEX** . . . . . . 31-34

**SECTION IV: APPENDICES**
APPENDIX A Notice Regarding Complaints of Judicial Misconduct or Disability
APPENDIX B Assignment of Duties to United States Magistrate Judges
APPENDIX C Civil Cover Sheet
APPENDIX D Joint Final Pretrial Order
APPENDIX E Plan for the Random Selection of Jurors
APPENDIX F Plan for Achieving the Prompt Disposition of Criminal Cases
APPENDIX G Criminal Justice Act Plan
APPENDIX H Court-Annexed Mediation Plan
APPENDIX I Plan for Reimbursement of Attorney Expenses in Civil Cases
APPENDIX J Local Admiralty Rules
APPENDIX K Uniform Application to Appear Pro Hac Vice
APPENDIX L Sample Scheduling Order
APPENDIX M Patent Rules
APPENDIX N Policy on Possession and Use of Electronic Devices in Courthouses
APPENDIX O Plan for the Administration of Non-Appropriated Funds

# U.S. DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LOCAL COURT RULES

## SECTION I: CIVIL RULES

### LOCAL RULE CV-1 Scope and Purpose of Rules

(a) The rules of procedure in any proceeding in this court are those prescribed by the laws of the United States and the Federal Rules of Civil Procedure, along with these local rules and any orders entered by the Court. These local rules shall be construed as consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court of the United States and the United States Court of Appeals for the Fifth Judicial Circuit.

(b) These rules may be known and cited as Local Court Rules.

(c) The Supplemental Rules for Certain Admiralty and Maritime Claims, as adopted by the Supreme Court of the United States, shall govern all admiralty and maritime actions in this court.

### LOCAL RULE CV-3 Commencement of Action

**Habeas Corpus and §2255 Motions.** The clerk may require that petitions for a writ of habeas corpus and motions filed pursuant to 28 U.S.C. §2255 be filed on a set of standardized forms approved by this court and supplied, upon request, by the clerk without cost, to the petitioner. Petitioners who are not proceeding in forma pauperis must pay a $5.00 filing fee. See 28 U.S.C. §1914(a). There is no filing fee for § 2255 motions filed by prisoners in federal custody.

### LOCAL RULE CV-4 Complaint, Summons and Return

(a) At the commencement of the action, counsel shall prepare and file the civil cover sheet, Form JS 44, along with the complaint. When filing a patent, trademark or copyright case, counsel is also responsible for preparing and submitting to the clerk AO Form 120, "Report on the Filing or Determination of an Action Regarding a Patent or a Trademark," or AO Form 121, "Report on the Filing or Determination of an Action Regarding a Copyright."

If service of summons is not waived, an original and two copies of the summons in a civil action must be prepared by the attorney for the plaintiff and submitted for each defendant to be served with a copy of the complaint. The clerk is required to collect the filing fee authorized by federal statute before accepting a complaint for filing.

(b) On the complaint, all litigants shall type or print all party names contained in the case caption with the accurate capitalization and spacing for each party (e.g.Martha vanDerkloot, James De Borne'). This procedure seeks to ensure that accurate computer party name searches can later be performed.

(c) Service of civil process shall not be executed by the United States marshal except for government initiated process, extraordinary writ or when ordered to do so by a judge.

(1) The attorney (or any plaintiff if acting pro se) seeking service of civil process upon a pleading filed in this district will be responsible for designating a person over the age of 18 years who is not a party in the case to make service.

(2) Service may be made by such designated person by personal service pursuant to Rule 4, Fed.R.Civ.P. or by mailing a copy of the pleadings and summons by registered or certified mail to the person (restricted to addressee only) with return receipt requested.

(3) The service of subpoenas shall be completed pursuant to Rule 45(c), Fed.R.Civ.P. A subpoena may be served by any person who is not a party or attorney in the case and who is not less than 18 years of age.

(4) The party requesting service shall be responsible for preparing all process forms to be supplied by the clerk. When process is to be served by the United States marshal, the party seeking service shall complete the required U.S. Marshal Form 285.

(d) Service through the Secretary of State for the State of Texas may be accomplished in the same manner as in (c)(1) and (c)(2) above and must be in accordance with applicable Texas statutes [note: two copies of the summons and complaint are required, as well as a fee to be paid to the Secretary of State].

**LOCAL RULE CV-5 Service and Filing of Pleadings and Other Papers**

(a) **Electronic Filing Required.** Except as expressly provided or in exceptional circumstances preventing a Filing User from filing electronically, all documents filed with the court shall be electronically filed in compliance with the following procedures.

(1) **Exemptions from Electronic Filing Requirement.** The following are exempted from the requirement of electronic filing:

(A) In a civil case, the initial documents, including the complaint, the civil cover sheet, the service of the summons and the notice of removal (Note: although not yet required, counsel are strongly encouraged to file case opening documents electronically and pay initial filing fees online using the court's CM/ECF system);

(B) In a criminal case, the charging documents, including the complaint, information, indictment, and any superseding indictment; petitions for revocation of probation or supervised release; affidavits in support of search and arrest warrants, pen registers, trap and trace requests, wiretaps and other documentation related to these types of applications; and other matters filed ex parte in connection with ongoing criminal investigations;

(C) filing from pro se litigants (prisoner and non-prisoner);

(D) consents to proceed before a magistrate judge;

(E) proof of service of the initial papers in a civil case;

(F) papers received from another court under Fed.R.Crim.P. 5(c), Fed.R.Crim.P. 20 and Fed.R.Crim.P. 40 ;

(G) official administrative records or transcripts of prior court or administrative proceedings required to be filed by law, rule or local rule;

(H) notice of appeal (Note: although not yet required, counsel are strongly encouraged to file notices of appeal electronically and pay appellate filing fees online using the court's CM/ECF system);

(I) application to appear pro hac vice; and

(J) any document pertaining to presentence investigation reports in criminal cases.

(2) **Registration for Electronic Filing.**

(A) The clerk shall register all attorneys admitted to the bar of this court, including those admitted pro hac vice, as Filing Users of the court's Electronic Filing System. Registration as a Filing User constitutes consent to electronic service of all documents as provided in these rules in accordance with the Federal Rules of Civil and Criminal Procedure. The clerk shall provide Filing Users with a user log-in and password once registration is completed. Filing Users agree to protect the security of their passwords and immediately notify the clerk if they learn that their password has been compromised. After registration, attorneys are required to maintain their own account information, including changes in e-mail address.

(B) If the court permits, a party to a pending proceeding who is not represented by an attorney may register as a Filing User in the Electronic Filing System solely for purposes of the action. If, during the course of the proceeding, the party retains an attorney who appears on the party's behalf, the attorney must advise the clerk to terminate the party's registration as a Filing User upon the attorney's appearance.

(C) A Filing User may apply to the court for permission to withdraw from participation in the Electronic Filing System, for good cause shown.

(3) **Significance of Electronic Filing.**

(A) Electronic transmission of a document to the Electronic Filing System consistent with these rules, together with the transmission of a Notice of Electronic Filing from the court, constitutes filing of the document for all purposes, and constitutes entry of the document on the docket kept by the clerk. Receipt by the filing party of a Notice of Electronic Filing from the court is proof of service of the document on all counsel who are deemed to have consented to electronic service.

(B) When a document has been filed electronically, the official record is the electronic recording of the document as stored by the court, and the filing party is bound by the document as filed. A document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the court.

(C) Service is deemed completed at the date and time stated on the Notice of Electronic Filing from the court, except that documents filed electronically after 5 p.m. local time of the recipient shall be deemed served on the following day.

(D) Filing a document electronically does not alter the filing deadline for that document. Filing must be completed before midnight local time where the court is located in order to be considered timely filed that day.

(4) **File Size Limitations.** No single electronic file, whether containing a document or an attachment, may exceed five megabytes in size. Documents and/or attachments in excess of five megabytes must be divided into multiple files and accurately described to the court. See also page requirement for motions and responses in Local Rule CV-7.

(5) **Signatures.** The user log-in and password required to submit documents to the Electronic Filing System serve as the Filing User's signature on all electronic documents filed with the court. The name of the Filing User under whose log-in and password the document is submitted must be preceded by either an image of the Filing User's signature or an "/s/" typed in the space where the signature would otherwise appear.

(6) **Attachments and Exhibits.** Filing Users must submit separately in electronic form each exhibit or attachment, unless the court permits conventional filing. *See* Section (4), "File Size Limitations," above; Local Rules CV-7(b), CV-56(d) (requirements for documents attached to motions).

(7) **Sealed Documents.**

(A) Unless authorized by statute or rule, a document in a civil case shall not be

filed under seal unless it contains a statement by counsel following the certificate of service that certifies that (1) a motion to seal the document has been filed, or (2) the court already has granted authorization to seal the document.

(B) A motion to file document(s) under seal must be filed separately from the document(s) sought to be sealed. A motion to seal that is filed as a sealed document does not need to include the certification specified in section (A) above. For additional rules regarding the filing of sealed documents in criminal cases, see Local Rule CR-49(b).

(C) Documents requested or authorized to be filed under seal or filed ex parte shall be filed in electronic form. Attorneys must contact the clerk's office to obtain permission to file documents under seal or ex parte using the court's CM/ECF system. All sealed or ex parte documents filed with the court must comply with the file size and other form requirements of Local Rules CV-5(a) and CV-7. Counsel is responsible for serving documents under seal to opposing counsel, and may do so in electronic form, and for complying with Local Rule CV-5(a)(9) regarding courtesy copies of filings. When a sealed order is entered by the court, the clerk will send a sealed copy of the order only to the lead attorney for each party (see Local Rule CV-11), who is responsible for distributing the order to all other counsel of record for that party.

(8) **Entry of Court Orders.**

(A) All orders, decrees, judgments, and proceedings of the court will be filed electronically by the court or court personnel in accordance with these rules, which will constitute entry on the docket kept by the clerk. Any order filed electronically has the same force and effect as if the judge had signed a paper copy of the order and it had been entered on the docket in a conventional manner.

(B) A Filing User submitting a document electronically that requires a judge's signature must promptly deliver the document in such form as the court requires.

(9) **Paper Copies of Lengthy Documents.** If a document to be filed electronically exceeds five pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to the presiding judge's chambers. A copy of the "Notice of Electronic Filing" must be attached to the front of the paper copy of the document that was electronically filed. The paper copy should be sent directly to the judge's chambers and not to the clerk's office. *See* Local Rule CV-10(b) regarding tabs and dividers for voluminous documents. Judges may opt out of this rule by entering an order. Such orders can be found on the court's website, located at *www.txed.uscourts.gov.*

(10) **Technical Failures**. A technical failure does not relieve a party of exercising due diligence to timely file and serve documents. A Filing User whose filing is made untimely as the result of a technical failure at the court will have a reasonable grace period to file from the time that the technical failure is cured. There will be a notice on the court's website indicating when the database was down and the duration of the grace period. A Filing User whose filing is made untimely as the result of a technical failure not attributable to the court may seek appropriate relief from the court.

(b) **Filing by Paper.** Where filing by paper is permitted, the original pleadings, motions and other papers shall be filed with the clerk.

(1) **Filing by After-Hours Depository.** The court maintains after-hours document depositories at the courthouses in Beaumont, Lufkin, Tyler, Marshall, Sherman and Texarkana. Where filing by paper is permitted, any pleadings or other documents that are marked received using the electronic time stamp contained in the depository and then placed in the box will be filed as of the time and date marked as received to the depository.

(2) **Filing Papers in Proper Division.** Where filing by paper is permitted, parties are encouraged to file pleadings, motions and other papers in the division in which the case is pending. If pleadings, motions or other papers are filed in another division, a stamped, addressed envelope for mailing to the proper division must be included.

(c) **Certificates of Service**. The certificate of service required by Fed.R.Civ.P. 5(d) shall indicate the date and method of service.

(d) **Service by Facsimile Or Electronic Means Authorized.** Parties may serve copies of pleadings and other case related documents to other parties by facsimile or electronic means in compliance with Local Rule CV-5(a) in lieu of service and notice by mail. Such service is deemed complete upon sending. Service after 5:00 p.m. local time of the recipient shall be deemed served on the following day.

**LOCAL RULE CV-7 Motions Practice**

(a) **Generally**. All motions, unless made during a hearing or trial, shall be in writing, conform to the requirements of Local Rules CV-5 and CV-10, and shall be accompanied by a separate proposed order for the judge's signature. The proposed order shall be endorsed with the style and number of the cause and shall not include a date or signature block. Motions, responses, replies and proposed orders, if filed electronically, shall be submitted in "searchable PDF" format. All other documents, including attachments and exhibits should be in "searchable PDF" form wherever possible.

(1) **Dispositive Motions.** Dispositive motions shall not exceed thirty pages, excluding attachments, unless leave of court is first obtained. Likewise, a party opposing a dispositive motion shall limit the response to the motion to thirty pages, excluding attachments, unless leave of court is first obtained. See Rule CV-56 regarding

attachment to motions for summary judgment and responses thereto. Any reply brief to an opposed dispositive motion filed pursuant to section (f) of this rule shall not exceed ten pages, excluding attachments.

In addition to the above limitations, unless leave of court is first obtained, the following limitations shall apply: (1) a party's summary judgment motions shall not exceed sixty pages collectively, excluding attachments; (2) a party's responses to summary judgment motions shall not exceed sixty pages collectively, excluding attachments; (3) a party's reply briefing to summary judgment motions shall not exceed twenty pages collectively excluding attachments; and (4) a party's surreply briefing to summary judgment motions shall likewise not exceed twenty pages collectively, excluding attachments.

(2) **Non-dispositive Motions.** Non-dispositive motions shall not exceed fifteen pages excluding attachments, unless leave of court is first obtained. Likewise, a party opposing a non-dispositive motion shall limit the response to the motion to fifteen pages, excluding attachments, unless leave of court is first obtained. Any reply brief to an opposed non-dispositive motion filed pursuant to section (f) of this rule shall not exceed five pages, excluding attachments.

(b) **Documents Supporting Motions.** When allegations of fact not appearing in the record are relied upon in support of a motion, all affidavits and other pertinent documents shall be served and filed with the motion. It is strongly recommended that any attached materials should have the cited portions highlighted or underlined in the copy provided to the court, unless the citation encompasses the entire page. The page preceding and following a highlighted or underlined page may be submitted if necessary to place the highlighted or underlined material in its proper context. Only relevant, cited-to excerpts of attached materials should be attached to the motion or the response.

(c) **Briefing Supporting Motions.** The motion and any briefing shall be contained in one document. The briefing shall contain a concise statement of the reasons in support of the motion and citation of authorities upon which the movant relies. Briefing is an especially helpful aid to the judge in deciding motions to dismiss, motions for summary judgment, motions to remand, and post-trial motions.

(d) **Response and Briefing.** The response and any briefing shall be contained in one document. A party opposing a motion shall file the response, any briefing and supporting documents within the time period prescribed by subsection (e) of this rule. A response shall be accompanied by a proposed order conforming to the requirements of subsection (a) of this rule. Briefing shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the party relies. In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition.

(e) **Time to File Response.** A party opposing a motion has 12 days from the date the motion was served in which to serve and file a response and any supporting documents, after which

the court will consider the submitted motion for decision. Except for motions served under Fed.R.Civ.P. 5(b)(2)(A), three days shall be added to the prescribed time period pursuant to Fed.R.Civ.P. 6(e). Any party may separately move for an order of this court lengthening or shortening the period within which a response may be filed.

(f) **Reply Briefs.** Unless otherwise directed by the presiding judge, a party who has filed an opposed motion may serve and file a reply brief responding to issues raised in the response within 5 days from the date the response is served. A sur-reply responding to issues raised in the reply may be served and filed within 5 days from the date the reply is served. The court need not wait for the reply or sur-reply before ruling on the motion. Absent leave of court, no further submissions on the motion are allowed.

(g) **Oral Hearings.** A party may in a motion or a response specifically request an oral hearing, but the allowance of an oral hearing shall be within the sole discretion of the judge to whom the motion is assigned.

(h) **Certificates of Conference.** Except as specified below, all motions must be accompanied by a "certificate of conference" at the end of the motion following the certificate of service.. The certificate must state (1) that counsel has conferred with opposing counsel in a good faith attempt to resolve the matter without court intervention, and (2) whether the motion is opposed or unopposed. Certificates of conference are not required with pro se litigants (prisoner or non-prisoner), or with the following motions:

(1) to dismiss:
(2) for judgment on the pleadings;
(3) for summary judgment;
(4) motions *in limine*;
(5) for judgment as a matter of law;
(6) for judgment of acquittal in a criminal case;
(7) motions to suppress in criminal cases;
(8) for new trial; and
(9) any motion captioned as "joint", "agreed " or "unopposed."

(i) **Re-urged Motions in Transferred/Removed Cases.** Any motions pending in another federal or state court made by any party will be considered moot at the time of transfer or removal unless they are re-urged in this court. See also Local Rule CV-81(d).

(j) **Motions for Leave to File.** With the exception of motions to exceed page limitations, motions for leave to file a document must be accompanied by the document sought to be filed. If the motion for leave to file is granted, the movant shall immediately re-file the permitted document in the court's CM/ECF database.

## LOCAL RULE CV-9 Pleadings and Special Matters

**Admiralty and Maritime Claims.** Admiralty and maritime claims in this court are governed by the Local Admiralty Rules, which appear as Appendix J to these rules.

**LOCAL RULE CV-10 Form of Pleadings**

(a) **Generally.** When offered for filing, all documents shall:

(1) be endorsed with the style and number of the action;

(2) contain a caption containing the name and party designation of the party filing the document and a statement of the character of the document clearly identifying each included pleading, motion or other document (e.g., Defendant John Doe's Answer and Motion to Dismiss under Rule 12(b)(6)) [note: see Local Rule CV-38(a) for cases involving jury demands][counsel are encourated to file pleadings, motions and other documents separately whenever possible, i.e., do not include a motion and a response, or an answer and a motion in the same document];

(3) be signed by the attorney in charge, or with his or her permission;

(4) when filed by paper, be plainly written, typed, or printed, double-spaced, on 8 1/2 inch by 11 inch white paper, fastened at the top only, and punched at the top center with two holes 2 7/8 inches apart; and

(5) be in a font no smaller than twelve (12) point type.

(b) **Tabs and Dividers.** When filed by paper, original documents offered for filing shall not include tabs or dividers. The copy of the original that is required to be filed for the Court's use (see FRCP 5(a)), if voluminous, should have dividers or tabs, as should all copies sent to opposing counsel.

(c) **Covers.** "Blue backs" and other covers are not to be submitted with paper filings.

(d) **Deficient pleadings/documents.** The clerk shall monitor documents for compliance with the federal and local rules as to format and form. If the document sought to be filed is deficient as to form, the clerk shall immediately notify counsel, who should be given a reasonable opportunity, preferably within one business day, to cure the perceived defect. If the perceived defect is not cured in a timely fashion, the clerk shall refer the matter to the appropriate district or magistrate judge for a ruling as to whether the documents should be made part of the record.

(e) **Redaction of Personal Identifiers.** Whenever possible, the parties should refrain from including the following personal identifiers from all documents filed with the court:

(1) **Social Security numbers.** If an individual's Social Security number must be included in a document, only the last four digits of that number should be used.

(2) **Names of minors.** A minor should only be identified by initials, unless the minor's parent, guardian or next friend consents to the use of the minor's full name, or uses it in a document filed with the court. Where initials are used for identification, they

are sufficient for all purposes for identification

(3) **Dates the birth.** If an individual's date of birth must be included in a document, only the year should be used.

(4) **Financial account numbers.** If financial account numbers are relevant, only the last four digits of these numbers should be used.

(5) **Home addresses.** If a home address must be included, only the city and state should be listed.

The purpose of this rule is to avoid publication of sensitive personal information in court documents that are available on the Internet. The responsibility for redacting personal identifiers rests solely with counsel and the parties. The clerk will not review each pleading for compliance with this rule.

**LOCAL RULE CV-11 Signing of Pleadings, Motions and Other Documents**

**Lead Attorney.**

(a) **Designation.** On first appearance through counsel, each party shall designate a lead attorney by signature on the pleadings or otherwise.

(b) **Responsibility.** The lead attorney is responsible in that action for the party. That individual attorney shall attend all court proceedings or send a fully informed attorney with authority to bind the client.

(c) **Signing the Pleadings.** Every document filed must be signed by the lead attorney, or by an attorney who has the permission of the lead attorney. Requests for postponement of the trial shall also be signed by the party making the request.

(1) *Required Information.* Under the signature shall appear the

(A) attorney's individual name;
(B) state bar number;
(C) office address including zip code;
(D) telephone and facsimile numbers; and
(E) e-mail address, if available.

(d) **Withdrawal of Counsel.** Attorneys may withdraw from a case only by motion and order under conditions imposed by the court. Change of counsel will not be cause for delay.

(e) **Change of Address.** Notices will be sent only to e-mail and/or mailing address on file. A pro se litigant is responsible for keeping the clerk advised in writing of the current address. Pro se litigants must include in this advisement of the case numbers of all pending cases in

which they are participants in this district.

(f) **Request for Termination of Electronic Notice.** If an attorney no longer desires to receive electronic notification of filings in a particular case due to settlement and/or dismissal of his/her client, the attorney may file a request for termination of electronic notice.

**LOCAL RULE CV-16 Pretrial Conferences; Scheduling; Management**

(a) **Scheduling Conferences**. Within sixty (60) days after the first defendant appears, the judge assigned to a case shall convene a scheduling conference pursuant to Fed.R.Civ.P. 16 and 26. The scheduling conference may be conducted in the courtroom, by telephone, mail or other suitable means, at the judge's discretion. A scheduling order will be entered in every case. For counsel's guidance, illustrative form is provided as Appendix L.

(b) **Pretrial Orders.** Pretrial orders will be standardized and used by each judge. The standardized form can be found in Appendix D of these rules.

**LOCAL RULE CV-26 Provisions Governing Discovery; Duty of Disclosure**

(a) **No Excuses.** Absent court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit discovery to those materials necessary to decide the issue of qualified immunity.

(b) **Disclosure of Expert Testimony.**

(1) When listing the cases in which the witness has testified as an expert, the disclosure shall include the styles of the cases, the courts in which the cases were pending, the cause numbers, and whether the testimony was in trial or deposition.

(2) By order in the case, the judge may alter the type or form of disclosures to be made with respect to particular experts or categories of experts, such as treating physicians.

(c) **Notice of Disclosure.** The parties shall promptly file a notice with the court that the disclosures required under Fed.R.Civ.P. 26(a)(1) and (a)(2) have taken place.

(d) **Relevant to the Claim or Defense.** The following observations are provided for counsel's guidance in evaluating whether a particular piece of information is "relevant to the claim or defense of any party:"

(1) It includes information that would not support the disclosing parties' contentions;

(2) It includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties;

(3) It is information that is likely to have an influence on or affect the outcome of a

claim or defense;

(4) It is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and

(5) It is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense;

(e) **Discovery Hotline** - (903) 590-1198. The court shall provide a judge on call during business hours to rule on discovery disputes and to enforce provisions of these rules. Counsel may contact the judge by dialing the hotline number listed above for any case in the district and get an immediate hearing on the record and ruling on the discovery dispute, including whether a particular discovery request falls within the applicable scope of discovery, or request to enforce or modify provisions of the rules as they relate to a particular case.

**LOCAL RULE CV-30 Depositions Upon Oral Examination**

In cases where there is a neutral non-party witness or a witness whom all parties must examine, the time limit shall be divided equally among plaintiffs and defendants. Depositions may be taken after 5:00 p.m., on weekends, or holidays with approval of a judge or by agreement of counsel. Unless permitted by Fed.R.Civ.P. 30(d)(1), a party may not instruct a deponent not to answer a question. Objections to questions during the oral deposition are limited to "Objection, leading" and "Objection, form." Objections to testimony during the oral deposition are limited to "Objection, nonresponsive." These objections are waived if not stated as phrased during the oral deposition. All other objections need not be made or recorded during the oral deposition to be later raised with the court. The objecting party must give a clear and concise explanation of an objection if requested by the party taking the oral deposition, or the objection is waived.

**LOCAL RULE CV-34 Production of Documents and Things.**

**Authorizations.** At any time after the parties have conferred as required by Rule 26(f), a party may request medical records, wage and earning records or Social Security Administration records of another party as follows:

(1) Where a party's physical or mental condition is at issue in the case, that party shall provide to the opposing party's counsel either the party's medical records or a signed authorization so that records of health care providers which are relevant to injuries and damages claimed may be obtained. If additional records are desired, the requesting party will have to show the need for them.

(2) Where lost earnings, lost earning capacity or back pay is at issue in the case, the party making such claims shall furnish signed authorizations to the opposing party's counsel so that wage and earning records of past and present employers, and the Social Security Administration records, may be obtained.

(3) Copies of any records obtained with authorizations provided pursuant to sections (1) or (2) above shall be promptly furnished to that party's counsel. Records which are obtained shall remain confidential. The attorney obtaining such records shall limit their disclosure to the attorney's client (or in the case of an entity, those employees or officers of the entity necessary to prepare the defense), the attorney's own staff and consulting and testifying experts who may review the records in connection with formulating their opinions in the case.

**LOCAL RULE CV-38 Jury Trial of Right**

(a) **Jury Demand**. Pleadings (i.e., complaint, answer, notice of removal) in which a jury is demanded shall bear the word "jury" at the top, immediately below the case number.

(b) **Selection of Jurors.** Trial jurors shall be selected at random in accordance with a plan adopted by this court pursuant to applicable federal statute and rule. See Appendix E.

(c) **Taxation of Jury Costs for Late Settlement**. Except for good cause shown, whenever the settlement of an action tried by a jury causes a trial to be postponed, canceled or terminated before a verdict, all juror costs, including attendance fees, mileage, and subsistence, may be imposed upon the parties unless counsel has notified the court and the clerk's office of the settlement at least one full business day prior to the day on which the trial is scheduled to begin. The costs shall be assessed equally against the parties and their counsel unless otherwise ordered by the court.

**LOCAL RULE CV-41 Dismissal of Actions**

A dismissal for failure to prosecute may be ordered by this court upon motion by an adverse party, or upon this court's own motion.

**LOCAL RULE CV-42 Consolidation; Separate Trials**

**Consolidation of Actions.**

(a) **Duty to Notify Court of Collateral Proceedings and Re-filed Cases.** Whenever a civil matter, commenced in or removed to the court, involves subject matter that either comprises all or a material part of the subject matter or operative facts of another action, whether civil or criminal, then pending before this or another court or administrative agency, or previously dismissed or decided by this court, counsel for the filing party shall identify the collateral proceedings and/or re-filed case(s) on the civil cover sheet filed in this court. The duty to notify the court and opposing counsel of any collateral proceeding continues throughout the time the action is before this court.

(b) **Consolidation - Single Judge Involved.** When two or more actions are pending before a judge which involve either (1) a common question of law or fact; or (2) the same parties and issues; or (3) different or additional parties and issues all of which arise out of the same transaction or occurrence, that judge may order that all or part of the actions be consolidated.

(c) **Consolidation - Multiple Judges Involved.** When actions that may be consolidated under (b) above have been filed with two or more judges, the actions, upon consolidation, shall be assigned to the judge who was assigned the initial action or actions. The judge assigned the initial action or actions has the prerogative of declining the transfer and assignment of the additional action or actions.

**LOCAL RULE CV-43 Taking of Testimony**

**Interpreters in Civil Cases Not Instituted by the United States.** The presiding judge shall approve the utilization of interpreters in all civil cases not instituted by the United States. Absent a judicial order to the contrary, the presiding judge shall encourage the use of certified interpreters, or when no certified interpreter is reasonably available, "otherwise qualified" interpreters. See 28 U.S.C. § 1827(b). The presiding judge may approve the use of an interpreter who is not certified or "otherwise qualified" if no certified or "otherwise qualified" interpreter is reasonably available. Upon request, the clerk of court shall make lists of certified and otherwise qualified interpreters available to parties.

**LOCAL RULE CV-45 Subpoena**

Attorneys shall prepare all subpoenas. See Fed.R.Civ.P. 45(a)(3).

**LOCAL RULE CV-47 Selection of Jurors**

**Communication with Jurors**

(a) No party or attorney for a party shall converse with a member of the jury during the trial of an action.

(b) After a verdict is rendered, an attorney must obtain leave of the judge before whom the action was tried to converse with members of the jury.

**LOCAL RULE CV-54 Judgments; Costs**

A party awarded costs by final judgment or by judgment that a presiding judge directs be entered as final under Fed.R.Civ.P. 54(b) must apply to the clerk for taxation of such costs by filing a bill of costs. Unless otherwise provided by statute or by order of the presiding judge, the bill of costs must be filed with the clerk and served on any party entitled to such service no later than 14 days after the clerk enters the judgment on the docket.

**LOCAL RULE CV-56 Summary Judgment**

**Summary Judgment Procedure.**

(a) Any party moving for summary judgment should identify both the legal and factual basis for its motion. The text of the motion or an appendix thereto must include a "Statement of Material Facts." If the movant relies upon evidence to support its motion, the motion should

include appropriate citations to proper summary judgment evidence as to which the moving party contends there is no genuine issue of material fact for trial. Proper summary judgment evidence should be attached to the motion in accordance with section (d) of this rule.

(b) Any party opposing the motion should serve and file a response that includes in the text of the response or as an appendix thereto, a "Statement of Genuine Issues." The response should be supported by appropriate citations to proper summary judgment evidence as to which it is contended that a genuine issue of material fact exists. Proper summary judgment evidence should be attached to the response in accordance with the procedure contained in section (d) of this rule.

(c) In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to determine whether the record contains an undesignated genuine issue of material fact for trial before entering summary judgment.

(d) As used within this rule, "proper summary judgment evidence" means excerpted copies of pleadings, depositions, answers to interrogatories, admissions, affidavits, and other admissible evidence cited in the motion for summary judgment or the response thereto. The phrase "appropriate citations" means that any excerpted evidentiary materials that are attached to the motion or the response should be referred to by page and, if possible, by line. Counsel are strongly encouraged to highlight or underline the cited portion of any attached evidentiary materials, unless the citation encompasses the entire page. The page preceding and following a highlighted page may be submitted if necessary to place the highlighted material in its proper context. Only relevant, cited-to excerpts of evidentiary materials should be attached to the motion or the response.

**LOCAL RULE CV-63 Inability of a Judge to Proceed**

**Reassignment of Actions after Recusal or Disqualification**

(a) **Single-Judge Divisions.**

(1) Upon the disqualification or recusal of a judge from participation in an action or proceeding pending in a division wherein actions are assigned to only one judge, a reassignment and transfer of the action or matter shall be made in accordance with an order of the chief judge of the district.

(2) When the chief judge is the only judge who is assigned actions in a particular division and is disqualified or recuses himself in an action or proceeding pending in that division, the action or matter systematically shall be reassigned and transferred to the judge in active service, present in the district and able and qualified to act as chief judge, who is senior in precedence over the remaining judges in the district.

Such action or matter may be reassigned and transferred by such acting chief judge as provided in section (a)(1) above.

(b) **Multi-Judge Divisions.** Upon the disqualification of a judge from participation in an action or proceeding pending in a division wherein the caseload is divided between two judges, the action or matter systematically shall be reassigned and transferred to the other judge sitting in that division. Where the caseload in the division is divided between more than two judges, the action or matter systematically shall be reassigned and transferred randomly to a judge in the division who is not disqualified. The clerk shall randomly assign another case to the recusing/disqualified judge in place of the case he/she recused in or was disqualified in. In instances where each judge in a two-judge or a multi-judge division recuses himself or is disqualified, the action or matter systematically shall be reassigned and transferred in accordance with an order of the chief judge of the district to any judge in active service, in another division, who is not disqualified.

(c) **All Judges Disqualified.** If all of the judges in the district shall recuse themselves or be disqualified to serve with reference to a particular civil or criminal action or matter, the clerk of the court shall, without delay, so certify to the chief judge of the Court of Appeals for the Fifth Circuit, in order that he may re-assign such action or matter to a suitable judge.

**LOCAL RULE CV-65 Injunctions**

An application for a temporary restraining order or for a preliminary injunction shall be made on an instrument separate from the complaint.

**LOCAL RULE CV-65.1 Security; Proceedings Against Sureties**

(a) **No Attorneys, Clerks, or Marshals as Sureties.** No attorney, clerk, or marshal, nor the deputies of any clerk or marshal shall be received as security on any cost, bail, attachment, forthcoming or replevy bond, without written permission of a judge of this court.

(b) **Vexatious Litigants; Security for Costs.** On its own motion or on motion of a party, and after opportunity to be heard, the court may at any time order a pro se litigant to give security in such amount as the court determines to be appropriate to secure the payment of any costs, sanctions, or other amounts which may be awarded against a vexatious pro se litigant. The court may also make such other orders as are appropriate to control the conduct of a vexatious pro se litigant.

**LOCAL RULE CV-72 Magistrate Judges**

**Powers and Duties of a United States Magistrate Judge in Civil Cases.** The powers and duties of a United States magistrate judge serving within the Eastern District of Texas shall be governed by the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges adopted by this court. See Appendix B. Nothing in this rule shall be construed to limit the jurisdiction of a United States magistrate judge serving in the Eastern District of Texas acting pursuant to powers directly conferred by act of Congress or applicable rule.

**LOCAL RULE CV-77 District Courts and Clerks**

**Notice of Orders, Judgments and Other Filings.** The clerk may serve and give notice of orders, judgments and other filings by electronic mail in lieu of service and notice by conventional mail, to any person who has signed a filed pleading or document and provided an e-mail address with his/her pleadings as specified in Local Rule CV-11(c)(1)(F). Any other attorney who wishes to receive notice of judicial orders, judgments and other filings must file a notice of appearance of counsel with the court.

By providing the court with an e-mail address, the party submitting the pleadings is deemed to have consented to receive service and notice of judicial orders and judgments from the clerk by e-mail. Persons who wish to be excluded from receiving judicial notices by e-mail may do so by filing a motion with the court.

(A) Notice of judicial orders, judgments and other filings is complete when the clerk obtains electronic confirmation of the receipt of the transmission. Notice by e-mail by the clerk that occurs after 5:00 p.m. on any business day is deemed effective as of the following business day.

**LOCAL RULE CV-79 Books and Records Kept by the Clerk**

(a) **Submission of Trial Exhibits.**

(1) The parties shall not submit exhibits to the clerk's office prior to a hearing/trial without an order of the court. The clerk shall return to the party any physical exhibits not complying with this rule.

(2) Trial exhibits shall be properly marked, but not placed in binders. Multiple-paged documentary exhibits should be properly fastened. Additional copies of trial exhibits may be submitted in binders for the court's use.

(3) The parties shall provide letter-sized copies of pictures of any physical or oversized exhibit to the court prior to the conclusion of trial. Oversized exhibits will be returned at the conclusion of the trial or hearing. If parties desire the oversized exhibits to be sent to the appellate court, it will be their responsibility to send them.

(b) **Removal of Papers, Records, etc.** The clerk shall not allow the original copy of any papers, records, proceedings, or any other paper, writing or memorandum, belonging to or related to and filed in any civil action in this court to be removed from the clerk's office except by an employee of the court.

(c) **Disposition of Exhibits by the Clerk.** Thirty days after any direct appeal has been exhausted or the time for taking that appeal has lapsed, and no further action is required by the trial court, the clerk is authorized to destroy any sealed or unsealed exhibits filed therein which have not been previously claimed by the attorney of record for the party offering the same in evidence at the trial.

(d) **Hazardous Papers or Items Sent to the Court.** Prisoners and other litigants shall not send to this court (including the district clerk, any judges and any other court agency) papers or items that constitute a health hazard as defined below:

(1) The clerk is authorized to routinely and immediately dispose of, without seeking a judge's permission, any papers or items sent to the court by prisoners or other litigants that are smeared with or contain blood, hair, food, feces, urine or other body fluids. Although "[t]he clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form," Fed. R. Civ. P. 5(e), papers or other items containing or smeared with excrement or body fluids can be excepted from this rule on the ground that they constitute a health hazard to court employees and can be refused by the clerk for that reason, which is a reason other than improper form.

(2) In the event the clerk receives weapons or drugs that are intended to be filed as exhibits, the clerk shall notify the judge assigned to the case of that fact, or in the event that no case has been filed, the chief judge.

(3) The clerk shall maintain a log of the items that are disposed of pursuant to General Order 96-6. The log shall contain the case number and style, if any, the name of the prisoner or litigant who sent the offending materials, and a brief description of the item disposed of. The clerk also shall notify the prisoner/litigant and, if applicable, the warden or other supervising official of the appropriate correction facility that the item in question was destroyed and that sanctions may be imposed if the prisoner continues to forward papers, items or physical exhibits in violation of General Order 96-6.

**LOCAL RULE CV-81 Removed Actions**

Parties removing cases from state court to federal court shall comply with the following:

(a) File with the clerk a notice of removal which reflects the style of the case exactly as it was styled in state court;

(b) If a jury was requested in state court, the removed action will be placed on the jury docket of this court provided the removing party or parties includes the word "jury" at the top of the notice for removal, immediately below the case number (see Local Rule CV-38(a));

(c) The removing party or parties shall furnish to the clerk the following information at the time of removal:

(1) a list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (pending, dismissed);

(2) a civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints,

supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a);

(3) a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her; and

(4) a record of which parties have requested trial by jury (this information is in addition to placing the word "jury" at the top of the Notice of Removal immediately below the case number).

(5) the name and address of the court from which the case is being removed.

(d) Any motions pending in state court made by any party will be considered moot at the time of removal unless they are re-urged in this court.

**LOCAL RULE CV-83 Rules by District Courts; Judge's Directives**

(a) **Docket Calls.** Traditional docket calls are abolished. Each judge shall endeavor to set early and firm trial dates which will eliminate the need for multiple-case docket calls.

(b) **Transferred or Remanded Cases.** No sooner than the twentieth day following an order of the court transferring the case to another district court or remanding it to the appropriate state court, the clerk shall mail to the directed court: (1) a certified copy of the court's order directing such action, and (2) the original of all pleadings and other papers on file in the case. If a timely motion or reconsideration of the order of transfer or remand has been filed, the clerk shall delay mailing the file until the court has ruled on the motion for reconsideration.

(c) **Standing orders.** Any standing order adopted by a judge pursuant to Fed. R. Civ. P. 83(b) must conform to any uniform numbering system prescribed by the Judicial Conference of the United States, and be filed with the clerk of court. The court will periodically review all standing orders for compliance with Rule 83(b) and for possible inclusion in the local rules. This subsection does not apply to provisions in scheduling or other case-specific orders.

(d) **Courtroom Attire and Conduct.** All persons present in a courtroom where a trial, hearing or other proceeding is in progress must dress and conduct themselves in a manner demonstrating respect for the court. The presiding judge shall have the discretion to establish appropriate standards of dress and conduct.

(e) **Patent rules.** The "Rules of Practice for Patent Cases before the Eastern District of Texas" attached as Appendix M to these rules shall apply to all civil actions filed in or transferred to this Court which allege infringement of a utility patent in a complaint, counterclaim, cross-claim or third party claim, or which seek a declaratory judgment that a utility patent

is not infringed, is invalid or is unenforceable. Judges may opt out of this rule by entering an order. Such orders can be found on the court's website, located at *www.txed.uscourts.gov*.

## SECTION II: CRIMINAL RULES

### LOCAL RULE CR-1 Scope

(a) The rules of procedure in any criminal proceeding in this court are those prescribed by the laws of the United States and the Federal Rules of Criminal Procedure, along with these local rules and any orders entered by the Court. These rules shall be construed as consistent with acts of Congress and rules of practice and procedure prescribed by the Supreme Court of the United States and the United States Court of Appeals for the Fifth Judicial Circuit.

(b) These rules may be known and cited as Local Criminal Rules.

(c) The disposition of criminal cases shall be governed by the Plan for the United States District Court, Eastern District of Texas, for Achieving Prompt Disposition of Criminal Cases. See Appendix F.

(d) The powers and duties of a United States magistrate judge serving within the Eastern District of Texas in criminal cases shall be governed by the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges adopted by this Court. See Appendix B. Nothing in this rule shall be construed to limit the jurisdiction of a United States magistrate judge serving in the Eastern District of Texas acting pursuant to powers directly conferred by act of Congress or applicable rule.

### LOCAL RULE CR-6 The Grand Jury

(a) **Selection of Grand Jurors.** Grand jurors shall be selected at random in accordance with a plan adopted by this court pursuant to applicable federal statute and rule. See Appendix E.

(b) **Grand Jury Subpoenas.** Sealed grand jury subpoenas shall be kept by the clerk for three (3) years from the date the witness is ordered to appear. After that time, the clerk may destroy the subpoenas.

(c) **Signature of the Grand Jury Foreperson.** The grand jury foreperson shall sign the indictment with initials rather than his or her whole name. The foreperson will continue to sign the concurrence of the grand jury using his or her whole name.

### LOCAL RULE CR-10 Arraignments

In the interest of reducing delays and costs, judges and magistrate judges may conduct the arraignment at the same time as the post-indictment initial appearance. The defendant may also file a written waiver of arraignment with the court.

**LOCAL RULE CR-17 Subpoena**

Attorneys shall prepare all subpoenas. The service of subpoenas shall be completed pursuant to Rule 17(d), Fed.R.Crim.P. A subpoena may be served by any person who is not a party or attorney in the case and who is not less than 18 years of age.

**LOCAL RULE CR-24 Trial Jurors**

(a) **Selection of Jurors.**

Petit jurors shall be selected at random in accordance with a plan adopted by this court pursuant to applicable federal statute and rule. See Appendix E.

(b) **Communication with Jurors.**

(1) No party or attorney for a party shall converse with a member of the jury during the trial of an action.

(2) After a verdict is rendered but before the jury is discharged from further duty, an attorney must obtain leave of the judge before whom the action was tried to converse with members of the jury.

(3) Nothing in this rule shall be construed to limit the power of the judge before whom an action is being or has been tried to permit conversations between jurors and attorneys.

**LOCAL RULE CR-44 Right to and Assignment of Counsel**

The appointment of counsel in criminal cases for persons who are financially unable to obtain adequate representation is governed by the local Criminal Justice Plan adopted by the court. See Appendix G.

**LOCAL RULE CR-47 Motions**

Motion practice in criminal cases shall conform to the requirements of Local Rule CV-7.

**LOCAL RULE CR-49 Service and Filing of Papers**

(a) **Generally.** All pleadings and papers submitted in criminal cases must conform to the filing, service and format requirements contained in Local Rules CV-5, CV-10 and CV-11.

(1) **Defendant Number.** In multi-defendant cases, each defendant receives a "defendant number". The numbers are assigned in the order in which defendants are listed on the complaint or indictment. When filing documents with the court, the parties shall identify by name and number each defendant to whom the document being filed

applies.

(2) **Sealed Indictments.** In multi-defendant cases involving one or more sealed indictments, the Government should, at the time the sealed indictment is filed, provide the clerk with appropriately redacted copies of the indictment for each defendant. The goal of this procedure is to protect the confidential aspect of the sealed indictment with regard to any defendants not yet arrested.

(b) **Filing of Sealed Documents in Criminal Cases.** Documents in criminal cases that are filed under seal pursuant to general order[2] or rule of this court shall be filed under seal without need for a motion to seal or a certification by counsel. Other types of documents in criminal cases may not be filed under seal unless counsel certifies that (1) a motion for leave to seal the document in question has been filed or (2) the court has already granted authorization to seal. For filing sealed documents in civil cases, see Local Rule CV-5(c).

**LOCAL RULE CR-55 Records**

(a) **Removal of Papers, Records, etc.** The clerk shall not allow original copies of any papers, records, etc. in a criminal case to be removed from the clerk's office except by an employee of the court.

(b) **Disposition of Exhibits by Clerk.** Thirty days after all direct criminal appeals and Section 2255 actions (if any) have been exhausted and/or the time for taking those appeals has lapsed, and no further action is required by the trial court, the clerk is authorized to destroy any sealed or unsealed exhibits filed therein which have not been previously claimed by the attorney of record for the party offering the same in evidence at the trial. The clerk shall wait 18 months from the date the direct criminal appeal process concludes to ensure that no Section 2255 motion will be filed before destroying exhibits pursuant to this rule.

Sealed exhibits submitted in miscellaneous cases to obtain pen registers, wiretaps, etc. will be maintained in the court's vault for three (3) years. At the end of this time, the sealed exhibits will be destroyed.

(c) **Submission and Disposition of Trial Exhibits.**

(1) The parties shall not submit exhibits to the clerk's office prior to a hearing/trial without an order of the court.

(2) Trial exhibits shall be properly marked, but not placed in binders. Multiple-paged documentary exhibits should be properly fastened. If parties wish, additional copies of trial exhibits may be submitted in binders for the court's use.

---

[2]Existing general orders that fall into this category are General Order 93-3, "General Order on Sealed Indictments," and General Order 93-4, "General Order on Sealed Criminal Matters."

(3) The parties shall provide letter-sized copies of pictures of any physical or oversized exhibit to the court prior to the conclusion of trial. Oversized exhibits will be returned at the conclusion of the trial or hearing. If parties desire the oversized exhibits to be sent to the appellate court, it will be their responsibility to send them.

**SECTION III: ATTORNEYS**

**LOCAL RULE AT-1 Admission to Practice**

(a) An attorney who has been admitted to practice before the Supreme Court of the United States, or a United States Court of Appeals, or a United States District Court, or the highest court of a state, is eligible for admission to the bar of this court. He or she must be of good moral and professional character, and must be a member in good standing of the state and federal bars in which he or she is licensed.

(b) Each applicant shall file an application on a form prescribed by the court. If the applicant has previously been subject to disciplinary proceedings, full information about the proceedings, the charges and the result must be given.

(1) A motion for admission made by a member in good standing of the state bar of Texas or the bar of any United States District Court shall accompany the completed admission form. The movant must state that the applicant is competent to practice before this court and is of good personal and professional character.

(2) The applicant must state in the application that he or she has read Local Rule AT-3, the "Standards of Practice to Be Observed by Attorneys" and the local rules of this court, and that he or she will comply with the standards of practice adopted in Local Rule AT-3 and with the local rules.

(3) The applicant must provide with the application form an oath of admission signed in the presence of a notary public on a form prescribed by the court. The completed application for admission, motion for admission and oath of admission shall be submitted to the court, along with the admission fee required by law and any other fee required by the court. Upon investigation of the fitness, competency and qualifications of the applicant, completed application forms may be granted or denied by the clerk subject to the oversight of the chief judge.

(c) The clerk shall maintain a complete list of all attorneys who have been admitted to practice before the court.

(d) An attorney who is not admitted to practice before this court may appear for or represent a party in any case in this court only upon an approved application to appear *pro hac vice*. When an attorney who is not a member of the bar of this court appears in any case before this court, he or she shall first submit an application to appear *pro hac vice* to the clerk of court. The applicant must read and comply with Local Rule AT-3, the "Standards of Practice to Be Observed by Attorneys" and the local rules of this court. The application

shall be made using the form that appears as Appendix K to the local rules, and must be signed by the applicant personally. Such application also shall be accompanied by a $25.00 local fee. The application shall be acted upon with dispatch by the clerk on the court's behalf. The clerk shall notify the applicant as soon as possible after the application is acted upon.

(e) All active attorneys who are admitted to practice before this court shall be assessed an annual bar membership fee. State and federal government attorneys are exempted from paying the fee, however, as long as they are in government service. The fee will be collected triennially, with the amount to be determined by the court prior to each collection period. All attorneys who have not paid the fee by the deadline shall be suspended from practice without further order of the court. Upon payment of outstanding fees, any attorney suspended for non-payment of fees will be immediately reinstated without order of the court.

**LOCAL RULE AT-2 Attorney Discipline**

(a) **Generally.** The standards of professional conduct adopted as part of the Rules Governing the State Bar of Texas shall serve as a guide governing the obligations and responsibilities of all attorneys appearing in this court. It is recognized, however, that no set of rules may be framed which will particularize all the duties of the attorney in the varying phases of litigation or in all the relations of professional life. Therefore, the attorney practicing in this court should be familiar with the duties and obligations imposed upon members of this bar by the Texas Disciplinary Rules of Professional Conduct, court decisions, statutes, and the usages customs and practices of this bar.

(b) **Disciplinary Action Initiated in Other Courts.**

(1) A member of the bar of this court shall automatically lose his or her membership if he or she loses, either temporarily or permanently, the right to practice law before any state or federal court for any reason other than nonpayment of dues, failure to meet continuing legal education requirements or voluntary resignation unrelated to a disciplinary proceeding or problem.

(2) When it is shown to the court that a member of its bar has been either disbarred or suspended, the clerk shall enter an order for the court, effective ten days after issuance unless sooner modified or stayed, disbarring or suspending the member from practice in this court upon terms and conditions identical to those set forth in the order of the other court.

(c) **Conviction of a Crime.** A member of the bar of this court who is convicted of a felony offense in any state or federal court will be immediately and automatically suspended from practice and thereafter disbarred upon final conviction.

(d) **Disciplinary Action Initiated in This Court.**

(1) **Grounds for Disciplinary Action.** This court may, after an attorney has been

given an opportunity to show cause to the contrary, take any appropriate disciplinary action against any attorney:

(A) for conduct unbecoming a member of the bar;

(B) for failure to comply with these local rules or any other rule or order of this court;

(C) for unethical behavior;

(D) for inability to conduct litigation properly; or

(E) because of conviction by any court of a misdemeanor offense involving dishonesty or false statement.

(2) **Disciplinary Procedures.**

(A) When it is shown to a judge of this court that an attorney has engaged in conduct which might warrant disciplinary action, the judge receiving the information shall bring the matter to the attention of the full court as to whether disciplinary proceedings should be held. If the court determines that further disciplinary proceedings are necessary, the court will notify the lawyer of the charges and give the lawyer opportunity to show good cause why he or she should not be suspended or disbarred. Upon the charged lawyer's response to the order to show cause, and after a hearing if requested or upon expiration of the time prescribed for a response if no response is made, the court shall enter an appropriate order.

(B) At any hearing, the charged lawyer shall have the right to counsel and at least fourteen days' notice of the time and charges. Prosecution of the charges may be conducted by an attorney specially appointed by the court. Costs of the prosecutor and any fees allowed by the court shall be paid from the attorney admission fee fund.

(e) **Notification of Disciplinary Action.** Upon final disciplinary action by the court, the clerk shall send certified copies of the court's order to the State Bar of Texas, the Fifth U.S. Circuit Court of Appeals and the National Discipline Data Bank operated by the American Bar Association.

(f) **Reinstatement.** Any lawyer who is suspended by this court is automatically reinstated to practice at the end of the period of suspension, provided that the bar membership fee required by Local Rule AT-1(e) has been paid. Any lawyer who is disbarred by this court may not apply for reinstatement for at least three years from the effective date of his or her disbarment. Petitions for reinstatement shall be sent to the clerk and assigned to the chief judge for a ruling. Petitions for reinstatement must include a full disclosure concerning the attorney's loss of bar membership in this court and any subsequent felony convictions or

disciplinary actions that may have occurred in other federal or state courts.

**LOCAL RULE AT-3 Standards Of Practice To Be Observed By Attorneys**

Attorneys who appear in civil and criminal cases in this court shall comply with the following standards of practice in this district:[3]

(A) In fulfilling his or her primary duty to the client, a lawyer must be ever conscious of the broader duty to the judicial system that serves both attorney and client.

(B) A lawyer owes, to the judiciary, candor, diligence and utmost respect.

(C) A lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves.

(D) A lawyer unquestionably owes, to the administration of justice, the fundamental duties of personal dignity and professional integrity.

(E) Lawyers should treat each other, the opposing party, the court, and members of the court staff with courtesy and civility and conduct themselves in a professional manner at all times.

(F) A client has no right to demand that counsel abuse the opposite party or indulge in offensive conduct. A lawyer shall always treat adverse witnesses and suitors with fairness and due consideration.

(G) In adversary proceedings, clients are litigants and though ill feeling may exist between clients, such ill feeling should not influence a lawyer's conduct, attitude, or demeanor towards opposing lawyers.

(H) A lawyer should not use any form of discovery, or the scheduling of discovery, as a means of harassing opposing counsel or counsel's client.

(I) Lawyers will be punctual in communications with others and in honoring scheduled appearances, and will recognize that neglect and tardiness are demeaning to the lawyer and to the judicial system.

(J) If a fellow member of the Bar makes a just request for cooperation, or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. The Court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order.

(K) Effective advocacy does not require antagonistic or obnoxious behavior and members of the Bar will adhere to the higher standard of conduct which judges, lawyers, clients,

---

[3]The standards enumerated here are set forth in the *en banc* opinion in *Dondi Properties Corp. v. Commerce Savings and Loan Association*, 121 F.R.D. 284 (N.D. Tex. 1988).

and the public may rightfully expect.

The Court also encourages attorneys to be familiar with the Codes of Pretrial and Trial Conduct promulgated by the American College of Trial Lawyers, which can be found on the Court's website at www.txed.uscourts.gov, and to conduct themselves accordingly.

# INDEX

Page
Admiralty and Maritime Claims .......... 10
Arraignments .......... 22
Attorneys .......... 26-30
  Admission to Practice .......... 26
  Disciplinary Action Initiated in Other Courts .......... 27
  Disciplinary Action Initiated in This Court .......... 27
  Notification of Disciplinary Action .......... 28
  Reinstatement .......... 28
  Texas Disciplinary Rules of Professional Conduct .......... 28
  Codes of Pretrial and Trial Conduct .......... 28,29
Bill of Costs, Time for Filing .......... 17, 18
Books and Records .......... 20,21
  Removal of Papers, Records, Etc .......... 20
Complaint .......... 4
Consolidation .......... 16
  Duty to Notify Court of Collateral Proceedings .......... 16
  Multi-Judge Division .......... 17
Courtroom Attire .......... 21
Criminal Justice Plan .......... 23
Criminal Rules, Scope .......... 22
  Right to and Assignment of Counsel .......... 23
  Service and Filing of Papers .......... 23
  Subpoena .......... 22
  Communication with Jurors .......... 23
Depositions
  Depositions Upon Oral Examination .......... 15
Disclosure, Initial
  Expert Testimony .......... 14
  Medical Records .......... 15
  Social Security Administration records .......... 16
  Wage and Earning Records .......... 16
Dismissal of Actions .......... 16
Disposition of Exhibits And/or Sealed Documents by Clerk .......... 20,21
Dispositive Motions, Page Length .......... 9
Electronic Filing .......... 5-8
  Electronic Filing Required .......... 5
  Exemptions From Electronic Filing Requirement .......... 5,6
  Registration for Electronic Filing .......... 6
  Significance of Electronic Filing .......... 7
  File Size Requirements .......... 7
  Signatures .......... 7
  Sealed Documents .......... 7,8,23
  "Courtesy Copy" Rule .......... 8
  Technical Failures .......... 9
Exhibits .......... 18,19,24
Filing of Documents .......... 4

Electronic Filing . . . 5-7
After-Hours Depository . . . 9
Service by Facsimile . . . 9
Service and Notice by Electronic Filing . . . 9
Grand Jury . . . 22
Habeas Corpus . . . 4
Injunctions . . . 19
Interpreters . . . 17
Jurors . . . 17,23
Communication with Jurors . . . 17,23
Jury Trial of Right . . . 16
Jury Demand . . . 16
Selection of Jurors . . . 16
Taxation of Jury Costs for Late Settlement . . . 16
Lead Attorney . . . 13
Responsibility . . . 13
Signing the Pleadings . . . 13
Magistrate Judges . . . 18
Motions, Form of . . . 9
Brief Supporting Motions . . . 8
Documents Supporting Motions . . . 10
Non-dispositive Motions, Page Length . . . 10
Oral Hearings . . . 11
Re-urged Motions . . . 11
Response and Brief . . . 10
Time to File Supporting Documents and Brief . . . 11
No Excuses . . . 14
Notice of Orders and Judgments . . . 19
Pleadings/Court Documents, Form of . . . 12
Deficient pleadings/documents . . . 12
Pretrial Conferences . . . 14
Production of Documents and Things . . . 15
Reassignment of Actions . . . 18
All Judges Disqualified . . . 19
Multi-Judge Divisions . . . 19
Single-Judge Divisions . . . 19
Recusal . . . 19
Redaction of Personal Identifiers . . . 12
Removed Actions . . . 20
Scope and Purpose of Rules . . . 4
Sealed Documents . . . 7,8,23,24
Sealed Documents Filed Via CM/ECF . . . 6,8
Standing Orders . . . 21
Subpoena . . . 17
Summary Judgment Motions . . . 18
Summons and Return . . . 4
Sureties . . . 19
§2255 Motions . . . 4