ORIGINAL
FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 07 2007

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ADVANCEME, INC. *Plaintiff,* v. RAPIDPAY, LLC, BUSINESS CAPITAL CORPORATION, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL, LLC and FAST TRANSACT, INC. d/b/a SIMPLE CASH *Defendants.* | § | 1 07-MI 0036 JTC<br>Case No. 05-000424-LED*<br>* Action is pending in the United States District Court for the Eastern District of Texas |
| ADVANCEME, INC., *Plaintiff,* v. AMERIMERCHANT, LLC, *Defendant.* | § | Case No. 06-000082-LED*<br>* Action is pending in the United States District Court for the Eastern District of Texas |

**DEFENDANTS' EMERGENCY MOTION TO ENSURE THAT A THIRD PARTY DEPOSITION PROCEED ON FEBRUARY 8, 2007 AS RESCHEDULED**

Defendants AmeriMerchant, LLC, Reach Financial, LLC, Merchant Money Tree, Inc., and First Funds, LLC ("Defendants") respectfully request that the Court order Plaintiff AdvanceMe, Inc. ("Plaintiff") to cease any attempts to further delay the deposition of Mr. John Konop, a third party witness who lives in Canton,

Georgia, that has already been rescheduled from January 21, 2007 to February 8, 2007. The subpoena for Mr. Konop's deposition issued from this Court on January 12, 2007 and was originally scheduled pursuant to that subpoena for January 21, 2007.

As described below, Plaintiff has misrepresented statements made by Mr. Konop in its attempt to delay his deposition yet again. Indeed, when Joseph Gray, counsel for Defendants, suggested on Monday, February 5 that he and Robert Matz, counsel for Plaintiff, call Mr. Konop together to definitively establish Mr. Konop's availability for deposition, Mr. Matz refused. *See* Declaration of Joseph Gray in Support of Defendants' Emergency Motion, attached hereto as Exhibit 1 ("Gray Declaration") at ¶ 8. This fact alone demonstrates Plaintiff's knowledge of the inaccuracy in its representations regarding Mr. Konop's availability for deposition.

Instead of seeking to determine Mr. Konop's actual availability and preventing unnecessary motion practice, Plaintiff insisted on filing yet another last-minute motion[1] to quash the deposition of this third party witness in another attempt to delay or prevent his important testimony. Mr. Matz represented to Mr. Gray on Monday, February 5 that Plaintiff would be filing such a motion. . Gray Declaration at ¶ 8. Plaintiff filed their motion in E.D. Tex on February 5, which the Court denied on

[1] Mr Konop's deposition was previously scheduled for January 21, 2007, a date expressly requested by Mr. Konop. Plaintiff filed a last minute Motion to Quash that deposition in the E.D. of Texas, where this action is pending. After that motion was filed, Defendants agreed to reschedule Mr. Konop's deposition

Tuesday, February 6. Counsel for Defendants and for Plaintiff are now in Atlanta, on Wednesday, February 7, taking the deposition of another witness, Mr. Hardwick, and the deposition at issue in this motion, that of Mr. Konop, is scheduled in Atlanta for Thursday, February 8. Defendants are forced to file this Emergency Motion to prevent another last-minute cancellation of Mr. Konop's deposition.

A timeline of relevant facts is set forth below. For purposes of Defendants' Emergency Motion, however, two facts alone are dispositive:

1. Mr. Konop is not available on any date before the close of fact discovery on March 2, 2007 besides February 8th; and
2. Defendants have repeatedly offered to postpone the 30(b)(6) deposition of Reach Financial currently scheduled for February 8th in Stamford, Connecticut. Counsel for Plaintiff, Mr. Matz, is currently in Atlanta attending the deposition of Mr. Hardwick in Atlanta on February 7, 2007. Gray Declaration at ¶ 9. Instead of staying over in Atlanta for the Konop deposition on February 8th, Mr. Matz says that Plaintiff is unwilling to change the date of the 30(b)(6) deposition and that Mr. Matz is the only attorney available to attend a deposition on that date. *See id.*

**TIMELINE OF RELEVANT FACTS REGARDING MR. KONOP'S DEPOSITION**

<u>January 12, 2007</u>

Defendants subpoena Mr. Konop's deposition for Mr. Konop's expressly requested date of Sunday, January 21, 2007. *See* Declaration of Willem Schuurman in Support of Defendants' Emergency Motion, attached hereto as Exhibit 2 ("Schuurman Declaration") at ¶ 5.

January 19, 2007

Two days before Mr. Konop's scheduled deposition—after Defendants' counsel had already traveled to Atlanta to attend Mr. Konop's deposition—Plaintiff files a motion to quash his deposition on various grounds, including that Plaintiff had never agreed to a deposition on a Sunday. Schuurman Declaration at ¶ 5. That same day, and despite Plaintiff's failure to timely notify Defendants of its inability to attend Mr. Konop's deposition, Defendants agree to postpone his deposition until a later date. *Id.*

Counsel for Defendants contact Mr. Konop that evening to inform him of the postponement of his deposition, and Mr. Konop informs Defendants that the only day he is available during the month of February 2007 is February 8th. Schuurman Declaration at ¶ 6.

January 22, 2007

Defendants' counsel sends a letter to Plaintiff's counsel notifying Plaintiff's counsel of their intent to commence Mr. Konop's deposition on February 8, 2007 and

their willingness to reschedule the 30(b)(6) deposition of Reach Financial scheduled for that same date if it presents a problem for Plaintiff's counsel. Schuurman Declaration at ¶ 6.

<u>January 29, 2007</u>

Plaintiff's counsel contacts Mr. Konop, and Mr. Konop informs them that he may be available on February 15th or February 22nd. Plaintiff's counsel tells him that they will let him know that day if his deposition was going to again be postponed. Because Plaintiff failed to contact him by Tuesday, January 30th, Mr. Konop makes alternate business commitments, thus again rendering February 8th the only day he is available for deposition for the entire month of February. Schuurman Declaration at ¶ 13.

<u>January 30, 2007</u>

After close of business eight days after Defendants' counsel sends their letter notifying Plaintiff's counsel of the rescheduled deposition date, Plaintiff sends a letter insisting that Mr. Konop's deposition again be postponed. Plaintiff's counsel states only that they "are unavailable to attend the Konop deposition" and that they are unwilling to move the 30(b)(6) deposition of Reach Financial. Plaintiff's counsel provides no other explanation as to why none of the five attorneys from their firm who have appeared in these actions is available to attend Mr. Konop's deposition on

February 8, 2007. Plaintiff's counsel also states that Mr. Konop has informed them that he is available for deposition on February 15th or February 22nd. Schuurman Declaration at ¶ 10.

February 1, 2007

As Mr. Konop had already informed counsel for Defendants that he was unavailable any other day during the month of February, upon receipt of Mr. Edelman's letter after his return to Austin from a deposition in Boston late Wednesday night, January 31, 2007, Mr. Schuurman calls Mr. Konop on February 1st to inquire as to his availability for deposition during the month of February. Schuurman Declaration at ¶ 11. Mr. Konop again informs Mr. Schuurman that February 8th is the only day that he is available for deposition during the month of February. *Id.*

In response to Plaintiff's counsel's letter and pursuant to his discussion with Mr. Konop, Mr. Schuurman responds via letter to Michael Edelman informing Plaintiff that Mr. Konop had again informed Defendants that he is unavailable on any other date in February, that this deposition was interfering with Mr. Konop's other matters, and that Mr. Konop was annoyed that his deposition is being repeatedly rescheduled. Schuurman Declaration at ¶ 13. In this letter, Defendants also inform

Plaintiff that Mr. Konop stated that Plaintiff's counsel had called him on Monday, January 29th and had told him that they would let him know that day if his deposition was going to be postponed. *Id.* Because Plaintiff had failed to contact him by Tuesday, January 30th, Mr. Konop had rearranged his schedule and the only date he is available for the entire month of February 2007 is February 8th. *Id.*

February 2, 2007

Mr. Schuurman speaks to Plaintiff's local counsel, Otis Carroll. They discuss Mr. Konop's and Reach Financial's depositions, and Mr. Carroll memorializes their conversation in a letter that same afternoon. In this letter, Mr. Carroll accurately states the facts at hand: (1) the date selected is the date preferred by Mr. Konop; (2) Defendants gave Plaintiff two weeks' notice of the deposition date; and (3) Defendants are willing to reschedule a 30(b)(6) deposition which conflicts with Mr. Konop's scheduled deposition in Atlanta to accommodate Plaintiff's counsel's schedule. Schuurman Declaration at ¶ 15.

Also on this date, subsequent to a conversation between Plaintiff's counsel and Defendants' counsel regarding Mr. Konop's availability, Plaintiff's counsel contacts Mr. Konop to inquire as to his availability. Mr. Konop informs Plaintiff's counsel that he is no longer available any other date in February. Schuurman Declaration at ¶ 16.

Then after the close of business on Friday, February 2nd, Mr. Carroll leaves a voicemail message for Mr. Schuurman stating—for the first time—that Plaintiff's in-house counsel was now insisting that either Ronald Lemieux or Michael Edelman attend Mr. Konop's deposition, and that neither of them was available on February 8th. Schuurman Declaration at ¶ 17.

February 5, 2007

Despite Mr. Konop's inflexible schedule and despite Defendants' offer to postpone the 30(b)(6) deposition of Reach Financial to make Plaintiff's counsel available for Mr. Konop's deposition, Plaintiff's counsel indicated to Defendants' counsel that they will not agree to proceed with Mr. Konop's deposition on February 8th and that they intend to file another motion to quash on Feb. 5.. Gray Declaration ¶ 8. Defendants' counsel proposed a three-way call including Mr. Konop, Plaintiff's counsel, and Defendants' counsel to have Mr. Konop tell both counsel at the same time the true facts regarding his availability. *Id.* Not surprisingly, Plaintiff's counsel refused this offer. Plaintiff's counsel instead indicated that it intended to rely on Mr. Konop's statements of over a week ago—despite Mr. Konop's subsequent modification of his schedule—to show that he is available for deposition later in February. *Id.*

Discovery in these actions has been consistently delayed by Plaintiff, which has left Defendants with at least 14 depositions remaining to be conducted before the close of discovery on March 2, 2007 (which leaves only 19 business days). If Mr. Konop's deposition is again postponed, Defendants will be prevented from using Mr. Konop's testimony to confront other deponents or take follow-up discovery. It will also be extremely difficult for the parties to arrive at a mutually agreeable schedule for all the remaining depositions in these actions.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court order Plaintiff to cease any attempts to further delay the deposition of Mr. John Konop, a third party witness, that has already been rescheduled from January 21,

February 7, 2007.

| | |
|---|---|
| Willem G. Schuurman<br>(TX Bar No. 17855200)<br>bschuurman@velaw.com<br>Joseph D. Gray<br>(TX Bar No. 24045970)<br>jgray@velaw.com<br>Brian K. Buss<br>(TX Bar No. 00798089)<br>bbuss@velaw.com<br>R. Floyd Walker<br>(TX Bar No. 24044751)<br>fwalker@velaw.com<br><br>**VINSON & ELKINS L.L.P.**<br>2801 Via Fortuna, Suite 100<br>Austin, Texas 78746<br>Telephone: 512.542.8400<br>Facsimile: 512.236.3476<br><br>*COUNSEL FOR AMERIMERCHANT, LLC, FIRST FUNDS, LLC, MERCHANT* | Respectfully submitted,<br><br>James L. Ewing, IV<br>Georgia Bar No. 253375<br>Burleigh L. Singleton<br>Georgia Bar No. 649084<br>KILPATRICK STOCKTON LLP<br>1100 Peachtree St., Suite 2800<br>Atlanta, GA 30309-4530<br>Telephone: (404) 815-6500<br>Facsimile: (404) 815-6555<br><br>COUNSEL FOR AMERIMERCHANT, LLC, FIRST FUNDS, LLC, MERCHANT MONEY TREE, INC., AND REACH FINANCIAL, LLC |

## CERTIFICATE OF COMPLIANCE

As required by Local Rule 7.1D, N.D. Ga., I hereby certify that this pleading has been prepared in Times New Roman 14-Point font, one of the font and point selections approved by this Court in Local Rule 5.1B, N.D. Ga.

This 7th day of February, 2007.

KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309-4530
phone: (404) 815-6500
fax: (404) 815-6555

James L. Ewing, IV
Georgia Bar No. 253375
Burleigh L. Singleton
Georgia Bar No. 649084
KILPATRICK STOCKTON LLP
1100 Peachtree St., Suite 2800
Atlanta, GA 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 7th day of February, 2007. Any other counsel of record will be served by first class mail on this same date. Counsel for Plaintiff and Counsel for defendants discussed this matter via telephone conference on February 5, 2007 and counsel for Plaintiff indicated they oppose the motion.

James L. Ewing, IV