**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ADVANCEME, INC.** *Plaintiff,* v. **RAPIDPAY, LLC, BUSINESS CAPITAL CORPORATION, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL, LLC and FAST TRANSACT, INC. d/b/a SIMPLE CASH** *Defendants.* | § § § § § § § § § § § | **CAUSE NO. 6:05-CV-424 LED** |
| **ADVANCEME, INC.,** *Plaintiff,* v. **AMERIMERCHANT, LLC,** *Defendant.* | § § § § § § | **CAUSE NO. 6:06-CV-082 LED JURY TRIAL DEMANDED** |

**Declaration of Joseph D. Gray in Support of
Defendants' Emergency Motion**

I, Joseph D. Gray, hereby declare:

1. I am over the age of 18 and capable of testifying to the facts set forth herein.

2. I am a licensed attorney in the State of Texas.

3. Vinson & Elkins L.L.P. is counsel of record for First Funds, LLC, Merchant Money Tree, Inc., Reach Financial, LLC, and AmeriMerchant, LLC ("Defendants") in the above-styled actions. I am an associate in the Austin, Texas office of Vinson & Elkins L.L.P. and serve as counsel for Defendants.

4. I aver to the matters set forth herein based upon personal knowledge and information.

5. On February 5, 2007, I participated in multiple telephone calls with Robert Matz, counsel for Plaintiff. During those calls, we discussed Mr. John Konop's third party deposition, which is currently scheduled for February 8, 2007.

6. I informed Mr. Matz that, as stated in Willem Schuurman's February 1, 2007 letter to Michael Edelman, Mr. Konop is unavailable for deposition on any date in February besides February 8th.

7. Mr. Matz stated that Mr. Konop informed him on January 29, 2007 that he was available on February 15th or February 22nd as well as February 8th, thus Plaintiff insists that the deposition be postponed to one of these other dates in order to accommodate Plaintiff's counsel's schedule. I informed him that, while Defendants are willing to accommodate counsel's schedule to the extent possible, it is impossible in this situation due to the witness' unavailability on any other date. I reiterated that Mr. Schuurman's subsequent conversation with Mr. Konop, on January 31, 2007, revealed that Mr. Konop had made other business commitments since Mr. Konop's January 29, 2007 conversation with Mr. Matz and is no longer available any day in February other than February 8th.

8. In order to verify the veracity of my statements, I suggested that we call Mr. Konop together to get the true facts regarding his availability for deposition. Mr. Matz refused my offer. He stated that Plaintiff intended to file today an emergency motion to prevent the deposition from proceeding on February 8th,

in part based on Mr. Konop's representation on January 29, 2007 that he was available on February 15th and February 22nd.

9. Mr. Matz informed me that he plans to attend the third party deposition of Mr. Cliff Hardwick on February 7th in Atlanta, then fly to Connecticut for the 30(b)(6) deposition of Reach Financial on February 8th.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

SIGNED the 5th day of February, 2007.

/s/ Joseph D. Gray
Joseph D. Gray