**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| ADVANCEME, INC. *Plaintiff,* v. RAPIDPAY, LLC, BUSINESS CAPITAL CORPORATION, FIRST FUNDS LLC, MERCHANT MONEY TREE, INC., REACH FINANCIAL, LLC and FAST TRANSACT, INC. d/b/a SIMPLE CASH *Defendants.* | § § § § § § § § § § § | CAUSE NO. 6:05-CV-424 LED |
| ADVANCEME, INC., *Plaintiff,* v. AMERIMERCHANT, LLC, *Defendant.* | § § § § § § | CAUSE NO. 6:06-CV-082 LED JURY TRIAL DEMANDED |

**Declaration of Willem Schuurman in Support of Defendants' Emergency Motion to Compel**

I, Willem Schuurman, hereby declare:

1. I am over the age of 18 and capable of testifying to the facts set forth herein.

2. I am a licensed attorney in the State of Texas.

3. Vinson & Elkins L.L.P. is counsel of record for First Funds, LLC, Merchant Money Tree, Inc., Reach Financial, LLC, and AmeriMerchant, LLC ("Defendants") in the above-styled actions. I am a partner in the Austin, Texas office of Vinson & Elkins L.L.P. and serve as counsel for Defendants.

4. I aver to the matters set forth herein based upon personal knowledge and information.



2

5. On January 12, 2007, Defendants subpoenaed John Konop's deposition for Mr. Konop's expressly requested date of Sunday, January 21, 2007. On Friday, January 19, two days before Mr. Konop's scheduled deposition, however—and after Defendants' counsel had already traveled to Atlanta to attend Mr. Konop's deposition—Plaintiff AdvanceMe, Inc. ("Plaintiff") filed a motion to quash his deposition on various grounds, including that Plaintiff had never agreed to a deposition on a Sunday. That same day, and despite Plaintiff's failure to timely notify Defendants of its inability to attend Mr. Konop's deposition, Defendants agreed to postpone his deposition until a later date.

6. When I contacted Mr. Konop on the evening of January 19, 2007 to inform him of the postponement of his deposition, Mr. Konop informed me that the only day he was available during the month of February was February 8, 2007. Therefore, on January 22, 2007 (the day after Mr. Konop's originally subpoenaed date of January 21st), Defendants' counsel sent a letter to Plaintiff's counsel informing Plaintiff's counsel of their intent to commence Mr. Konop's deposition on February 8, 2007.

7. Attached hereto as Exhibit A is a true and correct copy of a January 22, 2007 letter from Floyd Walker to Michael Edelman informing Plaintiff's counsel of the rescheduled date for Mr. Konop's deposition.

8. Plaintiff's counsel did not respond to Defendants' letter regarding the rescheduled depositions until after close of business on Tuesday, January 30, 2007—eight days after Defendants' counsel sent the letter rescheduling the

depositions. At that time, Plaintiff's counsel insisted that Mr. Konop's deposition be again postponed.

9. Attached hereto as Exhibit B is a true and correct copy of a January 30, 2007 letter from Michael Edelman to Willem Schuurman and Joseph Gray insisting that Mr. Konop's deposition again be postponed.

10. Plaintiff's counsel stated only that they "are unavailable to attend the Konop deposition" and that they are unwilling to move the 30(b)(6) deposition of Reach Financial also set for February 8, 2007. Plaintiff's counsel provided no other explanation as to why none of the five attorneys from their firm who have appeared in these actions is available to attend Mr. Konop's deposition on February 8, 2007. Plaintiff's counsel also stated that Mr. Konop has informed them that he is available for deposition on February 15th or February 22nd

11. As Mr. Konop had already informed counsel for Defendants that he was unavailable any other day during the month of February, upon receipt of Mr. Edelman's letter after my return to Austin from a deposition in Boston late Wednesday night, January 31, 2007, I called Mr. Konop the morning of February 1st to inquire as to his availability for deposition during the month of February. Mr. Konop again informed me that February 8th is the only day that he is available for deposition during the month of February.

12. In response to Plaintiff's counsel's letter and pursuant to my discussion with Mr. Konop, I responded via letter to Michael Edelman on February 1, 2007. A true and correct copy of that letter is attached hereto as Exhibit C.

13. In this letter, I informed Mr. Edelman that Mr. Konop had again informed me that he is unavailable on any other date in February, that this deposition was interfering with Mr. Konop's other matters, and that Mr. Konop was annoyed that his deposition is being repeatedly rescheduled. He also told me that Plaintiff had called him on Monday, January 29 and had told him that they would let him know that day if his deposition was going to be postponed. Because Plaintiff had failed to contact him again on Monday, January 29, on Tuesday, January 30 he had rearranged his schedule and was only available on February 8 for the entire month of February.

14. As the 30(b)(6) deposition of Reach Financial is also currently scheduled for February 8, 2007, Defendants had offered on January 22nd to postpone the Reach Financial deposition in order to make Plaintiff's counsel available for Mr. Konop's deposition. Defendants offered to make Reach Financial available for deposition as early as Monday of next week.

15. On Friday afternoon, February 2, 2007, I spoke to Plaintiff's local counsel, Otis Carroll. Mr. Carroll and I spoke about Mr. Konop's and Reach Financial's depositions, and he memorialized our conversation in a letter that same afternoon. A true and correct copy of Mr. Carroll's February 2, 2007 letter to me is attached hereto as Exhibit D.

16. I also spoke to Mr. Konop on February 2, 2007 to determine whether there was any chance he would be available on February 15th or February 22nd, and he again informed me that he would be unavailable. Mr. Konop informed

me that Plaintiff's counsel contacted him that morning and that he told Plaintiff's counsel that he was unavailable on any other date in February.

17. Then after the close of business on Friday, February 2nd, Mr. Carroll left a voicemail message for me stating—for the first time—that Plaintiff's in-house counsel was insisting that either Ronald Lemieux or Michael Edelman attend Mr. Konop's deposition, and that neither of them was available on February 8th.

18. I feel that Defendants have no choice but to file this Emergency Motion to Compel in order to ensure that Defendants are able to take the deposition of this important third party witness prior to the close of discovery on March 2, 2007. Defendants' offer to reschedule the 30(b)(6) deposition of Reach Financial remains in order to make Plaintiff's counsel available for Mr. Konop's deposition.

19. Plaintiff will have a lawyer attending the deposition of another third party, Cliff Hardwick, in Atlanta on February 7, 2007. There is no good reason why he cannot stay on for the Konop deposition the next day in Atlanta.

20. Additionally, discovery in these actions has been consistently delayed by Plaintiff, which has left Defendants with at least 14 depositions remaining to be conducted before the close of discovery on March 2, 2007 (which leaves only 19 business days). If Mr. Konop's deposition is again postponed, it will be very difficult for the parties to arrive at a mutually agreeable schedule for all the remaining depositions in these actions.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

SIGNED the 5th day of February, 2007.

/s/ Willem G. Schuurman
Willem G. Schuurman

# EXHIBIT A

Vinson&Elkins

R. Floyd Walker fwalker@velaw.com
Tel 512.542.8453 Fax 512.236.3232

January 22, 2007

**Via E-mail**

Michael Edelman
Of Counsel, Litigation Department
Paul, Hastings, Janofsky & Walker, LLP
Five Palo Alto Square Sixth Floor
Palo Alto, California 94306-2155

Re: AdvanceMe, Inc. v. Rapidpay LLC, et al. (No. 6:05-cv-424) (E.D. Tex.)
AdvanceMe, Inc. v. AmeriMerchant LLC (No. 6:06-cv-082) (E.D. Tex.)

Dear Michael:

Please be advised that the depositions of Cliff Hardwick and John Konop that were previously scheduled for the 20th and 21st of January, 2007, respectively, have been rescheduled to the 7th and 8th of February, 2007, respectively. The place and time of these depositions are the same as previously noticed. Due to the schedule of the witnesses, these dates are the best available times with which to hold these depositions in a timely manner.

Recognizing that the 30(b)(6) deposition of Reach Financial is currently scheduled for the 8th of February, 2007, Reach Financial is willing to postpone the taking of its deposition should this present a scheduling problem.

Sincerely,

R. Floyd Walker

cc: Willem G. Schuurman
Joseph D. Gray
Brian K. Buss
Doug McSwane
Ronald Lemieux
Otis Carroll

# EXHIBIT B

Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(650) 320-1822
michaeledelman@paulhastings.com

January 30, 2007

34717.00007

*VIA FACSIMILE*

Willem G. Shuurman, Esq.
Joseph D. Gray, Esq.
Vinson & Elkins, LLP
2801 Via Fortuna, Ste. 100
Austin, Texas 78746

Re: *AdvanceMe, Inc. v. RapidPay, LLC, et al.*
*AdvanceMe, Inc. v. AmeriMerchant, LLC*

Dear Mr. Shuurman and Mr. Gray:

This letter concerns deposition scheduling and some disturbing recent revelations regarding defense counsel's contacts with former AdvanceMe employees.

First, the Defendants have once again failed to meet and confer with us on deposition scheduling, despite our prior motion for protective order on this very same topic. We are unavailable to attend the Konop deposition on the currently scheduled time of February 8 (and we are not willing to move the previously scheduled deposition of Reach Financial set for that date, which was noticed and scheduled much earlier). We have spoken to Mr. Konop, and he informs us that he is available for deposition on any Thursday this month. We are available to attend the deposition on February 22. Please confirm this date is available for the Defendants.

We also note that the Defendants have now propounded a flurry of additional deposition notices and subpoenas without conferring with us on availability. The parties are never going to get through the rest of discovery with this type of approach. We suggest that the parties exchange by Thursday a list of all remaining witnesses that they intend to depose in this case, and then participate in a conference call on Friday (or early the following week) to arrive at a global deposition schedule. Please confirm this is acceptable.

Second, we have very serious concerns about the Defendants' ex parte contacts with Mr. Konop and other former AdvanceMe employees. It is our understanding that, during the Defendants' prior interview of Mr. Konop, the Defendants' counsel directly inquired as to the content of meetings between Mr. Konop and patent counsel (and concerning alleged communications between Mr. Konop and AdvanceMe's in-house counsel on patent matters and other confidential issues), and that the alleged content of those meetings or communications was discussed by Mr. Konop with the Defendants' counsel. It is our

Paul Hastings
ATTORNEYS

Willem G. Shuurman, Esq.
Joseph D. Gray, Esq.
January 30, 2007
Page 2

further understanding that the Defendants engaged in this same tactic with respect to Mr. Angrisani, and perhaps other witnesses.

As you must know, the eliciting of privileged or confidential information from former AdvanceMe employees is a blatant violation of the appropriate ethical rules. Indeed, numerous courts around the country have granted motions for disqualification or other serious sanctions arising out of this type of misconduct. The Defendants and their counsel are not permitted, under any circumstances, to inquire into the content of privileged discussions between AdvanceMe and its counsel. Nor are the Defendants permitted to obtain such information to serve as a basis for further discovery. We are shocked that a firm of your caliber would engage in such misconduct, and we are carefully considering our available remedies associated therewith.

In light of this misconduct, and given the numerous depositions of AdvanceMe employees that are approaching, we at minimum need your firm's commitment that the Defendants will not engage in this conduct in the future. Please immediately confirm in writing that the Defendants (a) will not engage in any further questioning of any current or former AdvanceMe employees relating to any privileged or confidential information of AdvanceMe, (b) will not utilize in this case, in any way, shape, or form, any information learned from discussions with Mr. Konop, Mr. Angrisani, or any other witnesses concerning the content of any communications or meetings between AdvanceMe and its patent, in-house, or corporate counsel, and (c) will not seek, during any remaining depositions in this case, any information on the content of privileged discussions between any AdvanceMe employees and counsel.

In addition, as we are still evaluating the appropriate remedy for the Defendants' past misconduct, it is imperative for us to fully understand the nature of the discussions that the Defendants engaged in with these witnesses. To this end, please forward to us immediately any and all notes, memoranda, or other documents which discuss or summarize the content of the interviews between the Defendants and Mr. Konop, Mr. Angrisani, or any other current or former AdvanceMe employee. As this is a matter of great urgency to AdvanceMe, please provide the confirmations and information requested no later than Thursday, February 1, 2007. We cannot understate the importance of receiving your firm's complete disclosure on this issue by Thursday.

Sincerely,

Michael N. Edelman
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

MNE:ch
cc: Hilary L. Preston, Esq. *(via facsimile)*
Douglas R. McSwane, Jr., Esq. *(via facsimile)*
LEGAL_US_W # 55545466.1

# EXHIBIT C

Vinson&Elkins

**Bill Schuurman** bschuurman@velaw.com
**Tel** 512.542.8663 **Fax** 512.236.3422

February 1, 2007

**By Email**

Michael N. Edelman
Of Counsel, Litigation Department
Paul, Hastings, Janofsky & Walker, LLP
Five Palo Alto Square Sixth Floor
Palo Alto, California 94306-2155

Re: ***AdvanceMe - Your Accusation of Misconduct and the Konop Deposition on February 8, 2007.***

Dear Mr. Edelman:

I refer to your letter of January 30, 2007. In this letter, I am dealing only with your accusation of misconduct and the Konop deposition on February 8.

Your accusation of misconduct is improper and unfounded. If you have any semblance of legitimacy to your accusation, you need to give us the specific facts immediately. The facts must include the specific discussion which you contend was held with Mr. Konop, the specific discussion which you contend was held with Mr. Angrisani, which specific meetings you contend were discussed, and what privileged information was allegedly disclosed.

It is our standard practice to make it clear to witnesses who may have privileged information that we do not seek privileged information and do not want them to disclose any privileged information to us. Further, as you know, Paragraph 14 of the Protective Order was expressly drafted to protect the parties against inadvertent disclosure of privileged information. Therefore, even if privileged information had been disclosed to us, which is not the case, we would not be entitled to assert waiver and would not be entitled to make any use of such information.

Since we received no privileged information from any former AdvanceMe employee, we have no such information which we can use in this case, and we have no such information which can be used in depositions in this case.

I spoke to Mr. Konop this morning about his deposition which is scheduled for February 8. He told me that you had called him on Monday morning, January 29 and had told him that you would advise him later that morning if his deposition was going to be rescheduled to another date. Since he had not heard from you on Monday or on Tuesday, it was his understanding that his deposition would go forward on February 8th as scheduled. He therefore organized his personal and business affairs so that he would be available on February 8 for his deposition, and is not available on the other days which you discussed with him.

He also told me that he was annoyed that his deposition which had been scheduled for Sunday, January 21, 2007 at his request, had been postponed at the last minute and had to be rescheduled. He says that he is an independent third party and is not willing to be pushed around by anyone. The deposition is interfering with his other matters and he wants to get it behind him.

Mr. Konop therefore insists on going ahead with his deposition on February 8, 2007 as scheduled. So you will have to make someone available from your group to participate in that deposition on that day. Since the Hardwick deposition is proceeding at the same venue on February 7, the same person should be able to stay over for the Konop deposition.

The discovery delays in this case have forced us into a situation where a number of depositions need to be taken before the close of fact discovery on March 2. So we all have to adjust our schedules to make sure that the discovery can be completed in time.

Very truly yours,

Bill Schuurman

01489:201865

# EXHIBIT D

IRELAND, CARROLL & KELLEY, P.C.
ATTORNEYS AT LAW

6101 SOUTH BROADWAY, SUITE 500
SOUTH BROADWAY AT GRANDE BLVD
TYLER, TEXAS 75703
(903) 561-1600

*Mailing Address:*
POST OFFICE BOX 7879
TYLER, TEXAS 75711
FAX (903) 581-1071

OTIS CARROLL
PATRICK KELLEY*
DEBORAH RACE**
COLLIN M. MALONEY
J. WESLEY HILL
MANDY CARROLL

DONALD CARROLL (1929-1992)
H. KELLY IRELAND (Retired)

*Board Certified - Business Bankruptcy Law Texas Board of Legal Specialization
**Board Certified - Civil Appellate Law Texas Board of Legal Specialization

February 2, 2007

Willem G. Schuurman, Esq.
Vinson & Elkins, LLP
2801 Via Fortuna, Ste. 100
Austin, Texas 78746

***Via email:*** bschuurman@velaw.com

Re: *AdvanceMe v. RapidPay, et al.; AdvanceMe v. Amerimerchant*

Dear Bill:

Further to our telephone conversation of this afternoon about the third party depositions scheduled for next week in Atlanta, I understand from you as follows:

1. The dates selected are dates preferred by these third party witnesses;

2. You notified our side of those dates over a week ago; and,

3. You are willing to reschedule a 30(b)(6) deposition which conflicts with the second third party deposition scheduled in Atlanta to accommodate Robert Matz's schedule.

I am sending a copy of this letter to my folks to confirm that we are all working off of the same information. If we are, we should be able to resolve this. I'll be traveling but have asked Deborah Race to stay in touch with you

Best regards.

Very truly yours,

OC

Otis Carroll
For the Firm

OC:nc
cc: Deborah Race (firm)
Ron Lemieux
Michael Edelman